John P. Guhin, Deputy Atty. Gen., Pierre, for plaintiff and appellant, Mark Barnett, Atty. Gen., on the brief.

Matt Vandermay, pro se.

**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Matt VANDERMAY, Defendant and Appellee.**

No. 17456.

Supreme Court of South Dakota.

Considered on Briefs Oct. 24, 1991.

Dec. 24, 1991.

AMUNDSON, Justice.

State appeals from trial court's grant of a motion to dismiss for lack of jurisdiction in favor of Matt Vandermay (Vandermay). We reverse and remand.

FACTS

On July 17, 1990, Vandermay, a non-Indian, was apprehended on Jackson County Road No. 63 within the territorial boundaries of the Pine Ridge Indian Reservation. He was charged with operating an overweight vehicle in violation of SDCL 32–22–16. Counsel for Vandermay stated at the motion hearing that Vandermay was not contending that he was enrolled or intended to be enrolled in any tribe. The trial court found that State had no jurisdiction over offenses which took place on highways running through Indian country in South Dakota, regardless of the tribal affiliation of the offender, and dismissed State's action. State appeals the dismissal

and was the only party to file a brief in this appeal.

## ISSUE

WHETHER THE STATE OF SOUTH DAKOTA HAS JURISDICTION OVER A NON–INDIAN WHO IS CHARGED WITH VIOLATING A STATE STATUTE ON A COUNTY ROAD WITHIN RESERVATION BOUNDARIES.

■ The question of whether the state of South Dakota maintains jurisdiction over non-Indians committing this type of offense within reservation boundaries is entirely a question of state law and, therefore, reviewed de novo by this court. *State v. Spotted Horse*, 462 N.W.2d 463, 465 (S.D.1990) (citation omitted) *cert. denied*, — U.S. —, 111 S.Ct. 2041, 114 L.Ed.2d 125 (1991).

## ANALYSIS

■ The trial court dismissed State's suit based on *Rosebud Sioux Tribe v. State of S.D.*, 900 F.2d 1164 (8th Cir.1990) *cert. denied*, — U.S. —, 111 S.Ct. 2009, 114 L.Ed.2d 98 (1991), which stated, "... we hold the State of South Dakota has no jurisdiction over the highways running through Indian lands in the state [of S.D.]." *Id.* at 1166. State argues that the tribal plaintiffs in *Rosebud* did not, in their complaint or otherwise, argue that the State did not have jurisdiction over non-Indians on county roads through reservations, thus the *Rosebud* court did not actually decide this issue.

At the district court level in *Rosebud*, Judge Porter stated:

On May 14, 1986, the Rosebud Sioux Tribe filed this action against defendants, the State of South Dakota and various state officials ... to seek declaratory and injunctive relief restraining South Dakota from exercising jurisdiction *over Indians on highways within the Rosebud Indian Reservation.*

*Rosebud Sioux Tribe v. State of S.D.*, 709 F.Supp. 1502, 1503 (D.S.D.1989) (emphasis added). The district court concluded:

Pursuant to the 1953 version of Public Law 280 and state legislation enacted in 1961, South Dakota validly assumed civil and criminal jurisdiction concurrent with the tribes *over Indians* on all highways within the state.

*Id.* at 1515–16 (emphasis added). Thus, the central issue presented to the district court and appealed to the 8th Circuit was whether the state had jurisdiction over *Indians* on highways through reservations. Although the holding of the 8th Circuit in *Rosebud* was not specific as to its application to Indians versus non-Indians, we conclude that because the court was not presented with the question of state jurisdiction over non-Indians on highways through reservations, it did not actually decide this issue.[*] We therefore look to other federal law regarding state jurisdiction over non-Indians charged with the violation of a state statute within the boundaries of a reservation.

Long-standing precedents of the United States Supreme Court hold that state courts have exclusive jurisdiction over crimes committed in Indian country involving only non-Indians, or "victimless" crimes. *Duro v. Reina*, 495 U.S. 676, 110 S.Ct. 2053, 109 L.Ed.2d 693 (1990) (citing *N.Y. ex rel. Ray v. Martin*, 326 U.S. 496, 66 S.Ct. 307, 90 L.Ed. 261 (1946)); *United States v. McBratney*, 104 U.S. 621, 26 L.Ed. 869 (1882). *See also Solem v. Bartlett*, 465 U.S. 463, 104 S.Ct. 1161, 79 L.Ed.2d 443 (1984); *United States v. Wheeler*, 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978). The crime with which Vandermay was charged was a "victimless" crime involving only a non-Indian, and we therefore conclude the state has jurisdiction over the matter. To hold otherwise would create a jurisdictional void over this type of an offense, and while the United

---

[*] Shortly after the 8th Circuit handed down *Rosebud*, we held in *State v. Spotted Horse*, 462 N.W.2d 463 (S.D.1990) *cert. denied*, — U.S. —, 111 S.Ct. 2041, 114 L.Ed.2d 125 (1991), that the state could not exercise partial jurisdiction over reservation highways. This, too, was a case involving an Indian defendant; thus, we did not consider its precise application to non-Indians.

States Supreme Court has stated this in itself is not necessarily grounds for finding jurisdiction exists, it has recognized it as an important consideration in the complex jurisdictional framework on reservations. *Duro, supra.*

Much of the focus in *Rosebud* was on South Dakota's interpretation of Public Law 280 as giving the state jurisdiction over highways through reservations. We do not address the issues raised in *Rosebud* concerning Public Law 280, as there is no assertion of jurisdiction over Indians or tribes in this case, and in light of the long-standing precedents of the United States Supreme Court, we think it is clear that state courts have exclusive jurisdiction over this type of offense committed by non-Indians. *Duro, supra.* There is no conflict in this case over whether the state or the tribe has jurisdiction over Vandermay. It is clear there is no tribal jurisdiction over Vandermay, a non-Indian. *Oliphant v. Suquamish Indian Tribe,* 435 U.S. 191, 98 S.Ct. 1011, 55 L.Ed.2d 209 (1978).

We therefore hold State has jurisdiction over non-Indians on county highways which run through reservations. The trial court's decision is reversed and this matter is remanded for proceedings consistent with this decision.

MILLER, C.J., and WUEST and SABERS, JJ., concur.

HENDERSON, J., concurs with writing.

HENDERSON, Justice (concurring).

If tribal courts have no jurisdiction over non-Indians, if state courts do not, who does? No one, I reckon, and that would be sheer chaos.