1996 SD 71

**Gregory G. DEVITT, Plaintiff and Appellant,**

v.

**Rodman HAYES and Shirley Hayes, Defendants and Appellees.**

No. 19098.

Supreme Court of South Dakota.

Considered on Briefs Oct. 19, 1995.

Decided June 12, 1996.

Rehearing Denied July 17, 1996.

Patrick J. Kane, Sioux Falls, for plaintiff and appellant.

Richard A. Johnson of Strange, Farrell, Johnson & Casey, Sioux Falls, for defendants and appellees.

AMUNDSON, Justice.

[¶ 1] Gregory G. Devitt (Devitt) appeals from the trial court's dismissal of his suit against Rodman and Shirley Hayes (Hayes). We affirm.

## FACTS

[¶ 2] After investigating what was causing his bean fields to flood, Devitt initiated a small claims action against Hayes in March 1993.[1] Hayes, through his attorney, moved to have the action removed to the circuit court for a trial by jury pursuant to SDCL 15–39–57. The small claims court granted the SDCL 15–39–57 motion for transfer for trial by jury and directed Devitt to serve and file a summons and complaint.

[¶ 3] After seeking legal assistance to comply with the magistrate's order, Devitt retained an attorney who initially contacted Hayes' lawyer in August 1993. This communication consisted of one letter from Devitt inquiring into a possible settlement and a response from Hayes stating: (1) Hayes was not interested in a settlement; and (2) Devitt should comply with the small claims court's order from June or be in default. This order was the one requiring Devitt to file a summons and complaint.[2]

[¶ 4] From April 5, 1993, until October 20, 1994, there was no activity in this file originally opened in small claims court and later transferred to the circuit court. After this fourteen-month lapse, Devitt informally served a complaint on Hayes and scheduled a deposition of Pierre Forrette on October 20, 1994. On October 28, Hayes moved for dismissal for failure to prosecute. A summons, amended complaint, and request for admission of service were sent to Hayes on October 31. On November 2, Devitt filed the three above-mentioned papers with the Lincoln County Clerk of Courts. The circuit court, pursuant to SDCL 15–11–11 and 15–6–41(b), granted Hayes's request for dismissal by opinion letter dated November 16. The circuit court also extended this dismissal to the Forrettes and the Lommens.

[¶ 5] Devitt moved for reconsideration of the dismissal. On January 3, 1995, the circuit court upheld its earlier decision. From this dismissal, Devitt appeals.

## ISSUES

I. Whether the small claims court's order deprived the circuit court of jurisdiction?

II. Did the trial court abuse its discretion by granting a dismissal due to failure to prosecute?

---

1. Devitt also brought this action against Pierre and Audrey Forrette and Richard and Georgia Lommen, the previous owners of Hayes' property. However, these prior owners are not parties to this appeal.

2. The motion for removal did request the action to be transferred to the circuit court for trial by jury. However, the order correctly stated that the matter was transferred for a trial by jury and did not designate whether it was to be in front of the circuit court or magistrate.

This matter came before the Court, the Honorable Robert G. Marmet, Magistrate, presiding on the 5th day of April, 1993, upon the motion of the defendants, Rodman Hayes and Shirley Hayes, for an Order of this Court **transferring the matter for a trial by jury.** Upon examination of the Affidavit of the defendants, and the Court having read the files and records herein, and being in all things duly advised, it is hereby, (emphasis added)
    ORDERED, ADJUDGED AND DECREED, **that the motion to transfer this matter is hereby granted.** It is further, (emphasis added)
    ORDERED, ADJUDGED AND DECREED, that plaintiff shall file a formal Summons and Complaint on defendants allowing defendants thirty days from the date of service thereof for Answer or other responsive pleading, including any Third Party Complaints.
    Done and entered in Canton, Lincoln County, South Dakota, this 5th day of April, 1993. The record reflects that the order complies with SDCL 15–39–57. In addition, Magistrate Marmet entered this order April 5, 1993. He resigned December 10, 1993. The order for dismissal was granted on November 16, 1994, by the circuit court. Since Marmet's resignation, the magistrate position has been left vacant. Therefore, after December 10, 1993, this action was in front of the circuit court judge.

## STANDARD OF REVIEW

[¶ 6] The issue of jurisdiction may be raised at any time. *Deno v. Oveson,* 307 N.W.2d 862, 863 (S.D.1981). Jurisdictional challenges are reviewed by this court de novo. *See State v. Vandermay,* 478 N.W.2d 289, 290 (S.D.1991); *State v. Spotted Horse,* 462 N.W.2d 463, 465 (S.D.1990).

[¶ 7] In reviewing a trial court's dismissal of a claim for failure to prosecute, we must determine whether the trial judge abused his discretion. *Annett v. American Honda,* 1996 SD 58, ¶ 12, 548 N.W.2d 798, 802; *Opp v. Nieuwsma,* 458 N.W.2d 352, 356 (S.D.1990); *Du–Al Mfg. Co. v. Sioux Falls Constr. Co.,* 444 N.W.2d 55, 56 (S.D.1989); *Schwartzle v. Austin Co.,* 429 N.W.2d 69, 71 (S.D.1988); *Holmoe v. Reuss,* 403 N.W.2d 30, 31 (S.D.1987); *Duncan v. Pennington County Housing Auth.,* 382 N.W.2d 425, 426 (S.D. 1986); *Watkins Products, Inc. v. Lytle,* 90 S.D. 122, 124, 238 N.W.2d 299, 300 (1976). An abuse of discretion has been defined by this court as a decision which is not justified by, and clearly against, reason and evidence. *Dacy v. Gors,* 471 N.W.2d 576, 580 (S.D. 1991); *Herndon v. Herndon,* 305 N.W.2d 917, 918 (S.D.1981); *Root v. Bingham,* 26 S.D. 118, 120, 128 N.W. 132, 133 (1910). We will not reverse a decision if "we believe a judicial mind, in view of the law and the circumstances, could reasonably have reached that conclusion." *Rosen's, Inc. v. Juhnke,* 513 N.W.2d 575, 576 (S.D.1994) (citing *Myron v. Coil,* 82 S.D. 180, 185, 143 N.W.2d 738, 740 (1966) (quoting *F. M. Slagle & Co. v. Bushnell,* 70 S.D. 250, 254, 16 N.W.2d 914, 916 (1944))); *Dacy,* 471 N.W.2d at 580.

[¶ 8] **I. Circuit court's jurisdiction over the action.**

[¶ 9] Devitt argues that, since the magistrate ordered a summons and complaint to be issued, the circuit court did not have jurisdiction over the matter until the summons was filed on November 2, 1994. A small claims action is a civil action which is commenced by the completion of a small claims form, the filing of a written and signed statement of the cause of action and the clerk's docketing of the statement and the small claims form. *See* SDCL 15–39–48 (compare to SDCL 15–6–3 and 15–2–30 which require a summons to commence a civil action if it is not a small claims action). Under SDCL 15–39–57,[3] a small claims court defendant may seek removal of an action to the circuit court. The small claims procedure is an alternative to the formal procedure for actions begun by summons. SDCL 15–39–46.

[¶ 10] This action commenced under SDCL ch 15–39, known as small claims procedure. Hayes sought removal to the circuit court pursuant to SDCL 15–39–57. The magistrate granted this request while also ordering Devitt to serve a summons and complaint upon Hayes. *See* SDCL 15–39–58 (allowing the magistrate or circuit court to require pleading). The only court file which we have been referred to in this case is the file that commenced in the small claims court. Appellant has cited no authority that supports his argument that the magistrate's order of requiring a summons to be filed terminated the jurisdiction put in place when the small claims action was filed. Rather, the case remained within the jurisdiction of the First Circuit and was only transferred for a formal trial. Albeit confusing, jurisdiction was in the First Circuit at the time the small claims action was filed. Since jurisdiction was already in this circuit court, it did not hinge on new life.

[¶ 11] **II. Failure to Prosecute.**

[¶ 12] A trial court may dismiss civil cases "where there has been no activity for one year, unless good cause is shown to the contrary." SDCL 15–11–11; *see Annett,* 1996

---

3. SDCL 15–39–57 states in part:

No party to an action under the [small claims] procedure shall be entitled to an appeal to the circuit court. In lieu thereof, defendant may, two days prior to the date upon which he is notified to appear or answer, file in the court or with the magistrate in which the action is pending, a claim of trial by jury and his affidavit that there are issues and questions of fact being litigated that are so complex or important that the parties cannot be adequately protected without the procedure of a formal trial, with specifications of the same, and that such trial is intended in good faith.

SD 58 at ¶ 22, 548 N.W.2d at 802; *Schwartzle*, 429 N.W.2d at 71. In addition, "a defendant may file for dismissal of an action or of any claim against him" if the plaintiff fails to prosecute. SDCL 15–6–41(b). The circuit court dismissed this action under both rules.

[¶ 13] The plaintiff has the burden to proceed with his action. *Potts v. Starr*, 76 S.D. 91, 94, 72 N.W.2d 924, 925 (1955). A defendant has the duty to meet the plaintiffs "step by step." *Holmoe*, 403 N.W.2d at 31. As stated in *Holmoe:*

"It is true that the defendant may bring about a trial of the case, but he is under no legal duty to do so. His presence in the case is involuntary, and his attitude toward it is quite different from that of the plaintiff; he is put to a defense only, and can be charged with no neglect for failing to do more than meet the plaintiff step by step[.]"

403 N.W.2d at 31 (citing *Fox et al. v. Perpetual Nat'l Life Ins. Co.*, 273 N.W.2d 166, 168 (S.D.1978) (quoting *Wiggins v. Washington National Life Ins. Co.*, 246 Cal.App.2d 840, 847, 55 Cal.Rptr. 129, 133 (1966))). The filing of a motion to dismiss for failure to prosecute may be granted despite the fact that a plaintiff is currently prosecuting his claim. *Simkins v. Bechtol*, 86 S.D. 187, 191, 192 N.W.2d 731, 733 (1971).

[¶ 14] We will first examine the dismissal under SDCL 15–11–11. This statute allows dismissal of a case that has had "no activity for one year, unless good cause is shown to the contrary." SDCL 15–11–11. The record reflects that this action was removed to circuit court in April 5, 1993. The record also reflects that there was absolutely no activity for over one year, from April 5, 1993, until October 20, 1994. Due to this inaction, dismissal was proper under SDCL 15–11–11, which allows for dismissal if there is inactivity for one year absent good cause. The circuit court stated the inaction occurred for eighteen months. Devitt admits there was inaction for thirteen months. Either way, the statutory minimum of twelve months was met, therefore, the trial court did not abuse its discretion.

[¶ 15] Next we examine if there was good cause for Devitt's inaction. It should be noted that communication between a plaintiff and plaintiff's counsel has been rejected by this court as good cause for delay. *See Holmoe*, 403 N.W.2d at 32. Good cause for delay requires " 'contact with the opposing party and some form of excusable conduct or happening which arises other than by negligence or inattention to pleading deadlines.' " *Id.* at 32 n. 2 (quoting *F.M.C. Corp. v. Chatman*, 368 So.2d 1307, 1308 (Fla.Dist. Ct.App.1979)).

[¶ 16] The fact that SDCL 15–6–4(b) allows a defendant to demand a complaint does not mean the defendant must make such a demand in order to preserve his right to move for dismissal for failure to prosecute. The circuit court found there was no good cause for Devitt's delay in pursuing his suit. Devitt seems to be confusing SDCL 15–11–11 requirements with the requirements of SDCL 15–6–41(b). Dismissal under SDCL 15–11–11 only requires that there has been no activity for one year. In Devitt's brief, he refers to having the time lapse shortened to thirteen months by recognizing the communication between Devitt's lawyer and Hayes' lawyer in August, 1993. Even if we accept Devitt's argument, the statute only requires twelve months of inactivity, which is still present when allowing the time to begin to run after the communication between the two attorneys in August, 1993. In addition, Devitt argues that his conduct was not egregious. This is the test under SDCL 15–6–41(b). In order for Devitt to be saved under SDCL 15–11–11 he was required to show good cause. The trial court found there was no good cause for the inactivity. In reviewing this record, we find no reason to hold the circuit court abused its discretion in such holding. Because the dismissal was proper under SDCL 15–11–11, we need not reach the merits of dismissal under SDCL 15–6–41(b).

[¶ 17] Affirmed.

[¶ 18] SABERS and GILBERTSON, JJ., concur.

[¶ 19] MILLER, C.J., and KONENKAMP, J., dissent.

KONENKAMP, Justice (dissenting).

[¶ 20] The result in this case is regrettable, as the plaintiff's case has been dismissed for delay partially attributable to him, and the dismissal effectively forecloses bringing another action even though the statute of limitations may not have expired. The trial court could have dismissed without prejudice, but decided to impose the harshest sanction, dismissal *with prejudice*. *See Annett v. American Honda Motor Co., Inc.*, 1996 SD 58, ¶ 6, 548 N.W.2d 798 (case dismissed without prejudice pursuant to SDCL 15–11–11); *Dakota Cheese, Inc. v. Taylor*, 525 N.W.2d 713, 717 n. 3 (SD 1995) (dismissal not made on the merits pursuant to SDCL 15–11–11); *Schwartzle v. Austin Co.*, 429 N.W.2d 69, 70 (S.D.1988) (action originally dismissed without prejudice). Florida Courts, which we have previously looked to for guidance when analyzing a motion for failure to prosecute, will not allow a dismissal with prejudice. *See Southeast Mortgage Co. v. Sinclair*, 632 So.2d 677, 678 (Fla.Dist.Ct.App.1994) ("A dismissal for lack of prosecution does not result in a dismissal with prejudice and, hence, is not a bar to refiling the suit.... It is not an adjudication on the merits."); *Wright v. Allen*, 611 So.2d 23, 24 (Fla.Dist.Ct.App.1992) ("[A] dismissal under rule 1.420(e) [failure to prosecute] must be without prejudice.").

[¶ 21] The rationale for a dismissal under SDCL 15–11–11 is to clear the court's docket and expedite the judicial process. However, [t]he power to dismiss should be exercised cautiously and granted only in cases of an unreasonable and unexplained delay in prosecution. The mere passage of time is not the test; rather, the test is whether, "under all the facts and circumstances of the particular case, the plaintiff is chargeable with want of due diligence in failing to proceed with reasonable promptitude." *Schwartzle*, 429 N.W.2d at 71 (quoting *Duncan v. Pennington Cty. Housing Authority*, 382 N.W.2d 425, 427 (S.D.1986)). "The clearance of dockets and calendars is of secondary concern in the administration of justice." *Chicago & N.W. Ry. Co. v. Bradbury*, 80 S.D. 610, 612, 129 N.W.2d 540, 542 (1964).

[¶ 22] A plaintiff whose case is subject to dismissal under SDCL 15–11–11 must make a good cause showing. "This 'good cause' provision allows the court to evaluate the time frame of inactivity in light of the circumstances surrounding the case, and not merely use the passage of time as the test to determine whether dismissal is warranted." *Annett*, 1996 SD 58, ¶ 22, 548 N.W.2d 798. Here, the plaintiff's showing of good cause was only marginally deficient,[4] so the court's harsh sanction was an abuse of discretion. I would reverse for entry of an amended judgment of dismissal—without prejudice. The plaintiff should be allowed his day in court if he decides to start suit again.

[¶ 23] For these reasons, I respectfully dissent.

[¶ 24] MILLER, C.J., joins this dissent and I am authorized to so state.

---

4. A brief comparison between this case and previous cases analyzed by this Court show the present facts are not sufficiently compelling to justify a dismissal with prejudice. Here, an offer of settlement was sent to defendant's counsel on August 27, 1993, with a response dated August 30, 1993 and motion for dismissal filed October 20, 1994, constituting a fourteen month delay. Plaintiff continued to investigate the claim by making inquiry to the Lincoln County States Attorney, obtaining photographs of the drainage area, and taking the deposition of defendant, Pierre Forrette. Because this action was originally filed pro se in small claims court, later transferred on motion from defense counsel, and plaintiff's counsel was not immediately involved, all the delay cannot be fairly ascribed to the plaintiff. Plaintiff's counsel argued that he wanted to more fully investigate the case before filing a formal complaint in circuit court because all defendants had denied liability and had somewhat credible rationales for denial. Counsel also explained he was concerned with the potential for counterclaims had he commenced a frivolous lawsuit. He was considering an action for trespass, which has a six year statute of limitations. SDCL 15–2–13(3). *Compare Annett*, 1996 SD 58 ¶¶ 17–19, 548 N.W.2d 798 (no formal file activity for over one year and no informal activity for over two years—dismissed without prejudice); *Du–Al Mfg. Co. v. Sioux Falls Const. Co.*, 444 N.W.2d 55 (S.D.1989) (inexcusable activity for 12 years); *Holmoe v. Reuss*, 403 N.W.2d 30 (S.D. 1987) (four year delay in prosecution); *Reed v. Heath*, 383 N.W.2d 873, 874 (S.D.1986) (no file activity for over two years, and no other excusable reasons given).