2003 SD 79

**JENCO, INC. successor to St. Goliard's Investment Co., a South Dakota Corporation, d/b/a Happy Jack's East, Plaintiff and Appellant,**

v.

**The UNITED FIRE GROUP, Defendant and Appellee.**

**No. 22493.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 11, 2003.

Reassigned May 12, 2003.

Decided July 9, 2003.

James L. Jeffries, Jeffries Law Office, Rapid City, South Dakota, Attorneys for plaintiff and appellant.

Jennifer K. Trucano, Gunderson, Palmer, Goodsell & Nelson, Rapid City, South Dakota, Attorneys for defendant and appellee.

SABERS, Justice (on reassignment).

[¶ 1.] Jenco Inc. filed a claim against United Fire Group (United Fire) alleging United Fire breached the parties' contract of insurance by failing to pay a claim under an employee dishonesty provision. The trial court dismissed the claim with prejudice for failure to prosecute. We affirm.

## FACTS

[¶ 2.] On November 18, 1997, approximately $13,000 in cash was stolen from a casino operated by Jenco. Jenco asserted that a casino employee, Dianne Iverson, was involved with the robbery. Iverson was not charged in the theft, but Jenco terminated her. Jenco filed an insurance claim with United Fire under an employee dishonesty provision. United Fire denied the claim and Jenco filed suit alleging breach of contract. United Fire denied that it breached the contract, and although United Fire asserted in its Answer that there was a reasonable basis for its denial of payment, neither document expressly indicated the basis.

[¶ 3.] Jenco filed its original Complaint on May 29, 1998 and an Amended Complaint on March 17, 1999. United Fire filed an Amended Answer on March 23, 1999. Judge Fitzgerald conducted a status hearing on April 26, 1999 and entered a scheduling order on May 5, 1999. The scheduling order set a deadline to amend pleadings by May 26, 1999, a deadline for discovery of July 26, 1999 and further ordered "[t]hat by August 5, 1999, counsel for plaintiff and counsel for defendant shall mutually agree as to a trial date." Accompanying the scheduling order was a scheduling worksheet which indicated that Judge Fitzgerald wanted the clerk to bring the file to his attention in 90 days. On July 14, 1999, United Fire took the depositions of Iverson, a detective and the casino manager.

[¶ 4.] By letter dated August 5, 1999, Jennifer Trucano, attorney for United Fire, informed Judge Fitzgerald that sev-

eral discovery issues were still pending. She indicated that another status conference had been scheduled to "discuss possible date revisions and the need for an extension of time to complete discovery." She also indicated that they hoped to be able to set "a reasonable trial date at that time."

[¶ 5.] On August 9, 1999, United Fire filed an offer of judgment of $5,000 plus accrued costs. At the status hearing on August 22, 1999, Judge Fitzgerald ordered Jenco to obtain new counsel because its attorney had a conflict of interest. Although no written order directing substitution of counsel was entered, the parties do not dispute the oral order.

[¶ 6.] On October 5, 1999, United Fire wrote Jenco a letter inquiring whether it had retained substitute counsel. Jenco did not respond. No other action was taken until March 25, 2002, when Jenco requested a scheduling order from the court. On March 26, 2002, United Fire filed a motion to dismiss based on Jenco's failure to prosecute and for disregarding the court's order to obtain substitute counsel. On May 15, 2002, substitute counsel for Jenco filed a notice of appearance. Following a hearing on the motion on May 17, 2002, the trial court dismissed the case with prejudice. Jenco appeals.

### ISSUES

1. **Whether the trial court abused its discretion in granting United Fire's motion to dismiss with prejudice.**

2. **Whether the trial court abused its discretion in denying Jenco's motion for reconsideration.**

### STANDARD OF REVIEW

[¶ 7.] A trial court's dismissal for failure to prosecute is reviewed under an abuse of discretion standard. *Devitt v.*

*Hayes,* 1996 SD 71, ¶ 7, 551 N.W.2d 298, 300. "We will not reverse a decision if 'we believe a judicial mind, in view of the law and the circumstances, could reasonably have reached that conclusion.' " *Id.* (quoting *Rosen's, Inc. v. Juhnke,* 513 N.W.2d 575, 576 (S.D.1994) (additional citations omitted)).

### [¶ 8.] 1. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING UNITED FIRE'S MOTION TO DISMISS WITH PREJUDICE.

[¶ 9.] The trial court dismissed Jenco's action under SDCL 15–11–11 and 15–6–41(b) with prejudice. SDCL 15–11–11 provides:

[t]he court may dismiss any civil case for want of prosecution upon written notice to counsel of record where the record reflects that there has been no activity for one year, unless good cause is shown to the contrary. The term "record," for purposes of establishing good cause, shall include, but not by way of limitation, settlement negotiations between the parties or their counsel, formal or informal discovery proceedings, the exchange of any pleadings, and written evidence of agreements between the parties or counsel which justifiably result in delays in prosecution.

Generally, a dismissal under SDCL 15–11–11 is without prejudice to the right to bring the action again.

[¶ 10.] SDCL 15–6–41(b) allows a defendant to move to dismiss a case if the plaintiff fails to prosecute the case, comply with the Rules of Civil Procedure, or comply with any order of the court. SDCL 15–6–41(b) provides in part:

[f]or failure of the plaintiff to prosecute or to comply with this chapter or any order of court, a defendant may move for dismissal of an action or of any claim

against him. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this section and any dismissal not provided for in § 15–6–41, other than a dismissal for lack of jurisdiction, or for failure to join a party under § 15–6–19, operates as an adjudication upon the merits.

[¶ 11.] In this case, the trial court dismissed with prejudice under both SDCL 15–11–11 and SDCL 15–6–41(b). The trial court made the following findings in dismissing the case: (1) that no activity had occurred in the matter between September 1999 and March 2002, (2) that no settlement negotiations, no discovery, or exchange of pleadings, or any agreements between parties or counsel justified the delay, and (3) that the defendant was prejudiced by the disappearance of a key witness. The court determined that Jenco had not provided any evidence that would excuse the extended delay and that it could only attribute the delay to negligence or inattention. The court concluded that the plaintiffs inaction and delay were egregious.

[¶ 12.] Jenco attempts to excuse its delay claiming that at least 10 months of the delay was attributable to Judge Fitzgerald's death. Jenco misses the point. In August 1999, Judge Fitzgerald ordered Jenco to obtain new counsel because its attorney had a conflict of interest as a potential witness. Jenco failed to comply, apparently, for two and one-half years. As the trial court noted in its memorandum

decision, after the August 1999 order, Jenco took no action until it filed a motion for a scheduling order on March 25, 2002, which motion was "apparently in response to a telephone conversation in which counsel for Defendant indicated that a motion to dismiss would be filed." Substitute counsel for Jenco did not file a notice of appearance until May 2002.

[¶ 13.] In other words, there are two and one-half years of unexplained inactivity.[1] There was no showing that Jenco was unable to obtain substitute counsel and no showing that Judge Fitzgerald's death had any effect on the two and one-half year delay in obtaining counsel.[2] In fact, there was no showing that Jenco even attempted to do anything whatsoever within that two and one-half year period.

[¶ 14.] Both Jenco and the dissent argue that the defendant was not prejudiced by the delay because the statute of limitations had not yet run. Jenco claims that the suit could have been brought as late as November 17, 2003. Regardless of whether the statute of limitations had run, Jenco has not shown that the trial court abused its discretion in granting the motion to dismiss.

[¶ 15.] First, the statute of limitations is only one factor among many to be considered. Even the authority cited by the dissent in support of this argument notes that *one of the factors* a district court may consider" is whether the statute of limitations has run. *Modrow v. JP*

---

1. The record does reflect a short delay caused by reassignment of judges. A hearing was scheduled before Judge Delaney for April 15, 2002, however, all judges of the seventh circuit disqualified themselves and Judge Bastian was appointed to preside over the case on May 2, 2002. Regardless, this approximate two week delay does little to account for the extended period of inactivity in this case.

2. The dissent asserts that the trial court "did not dismiss because the plaintiff failed to obey a court order requiring substitute counsel." However, in support of its memorandum decision and its order dismissing with prejudice, the court found that 1) the original trial court had agreed there was a conflict of interest; 2) alternate counsel was to be retained; and 3) plaintiff did not retain alternate counsel until March 2002.

*Foodservice, Inc.,* 656 N.W.2d 389, 397 (Minn.2003) (emphasis supplied). Considerations of fundamental fairness dictate against raising the statute of limitations above other factors. For example, there are statutes of limitation in our Code which extend up to twenty years after filing. See e.g., SDCL 15–2–7 (fifteen year statute of limitation for action to foreclose real estate mortgages); SDCL 15–2–6 (twenty year statute of limitation for actions on state judgments and sealed instruments). The question then becomes why should a medical malpractice case be dismissed for want of prosecution after 2 years while an action on a sealed instrument may linger for up to 20 years? Compare SDCL 15–2–14.1 (statute of limitation for medical malpractice suit); SDCL 15–2–6 (statute of limitation for action on a sealed instrument). Trial courts must also consider other factors including prejudice to the defendant, lack of due diligence by the plaintiff, and judicial economy.

[¶ 16.] Second, the defendant was forced to cope with the expense and difficulties of an unresolved lawsuit for two and one-half years, while Jenco let the lawsuit languish. Therefore, the court could have found financial prejudice despite the fact that the statute of limitations had not yet run.

[¶ 17.] SDCL 15–11–11 allows the trial court to dismiss unless the plaintiff shows good cause for the delay. "Good cause for delay requires 'contact with the opposing party and some form of excusable conduct or happening which arises other than by negligence or inattention to pleading deadlines.'" *Dakota Cheese Inc. v. Taylor,* 525 N.W.2d 713, 716 (S.D.1995) (quoting *Holmoe v. Reuss,* 403 N.W.2d 30, 32 (S.D.1987)). Our cases have found the following were insufficient evidence of good cause:

communication among a plaintiff and plaintiff's counsel, but not with opposing counsel, *Holmoe,* 403 N.W.2d at 32; letters and settlement activity between the parties two years prior to dismissal, *Id;* massive amount of documentation and investigation, *Dakota Cheese,* 525 N.W.2d at 716; plaintiff's failure to file a summons and complaint in circuit court fourteen months after being instructed to do so by the transferring small claims court, *Devitt,* 551 N.W.2d 298; the serious nature of injuries to plaintiff, *Annett v. American Honda Motor Co., Inc.,* 548 N.W.2d 798, 804 (S.D.1996); difficulty in finding an expert witness and settlement activity which expired a year prior to dismissal, *Id;* and illness and death of defendants' original counsel and further inaction by defendants' counsel's law firm, *Reed v. Heath,* 383 N.W.2d 873, 874 (S.D.1986).

*Swenson v. Sanborn County Farmers Union Oil Co.,* 1999 SD 61, ¶ 16, 594 N.W.2d 339, 344. Jenco has failed to show good cause for its delay and therefore fails to show that the trial court abused its discretion by dismissing under SDCL 15–11–11 for failure to prosecute.

[¶ 18.] As we noted in *Storm,* a court order is not an "invitation, request or even [a] demand; they are mandatory. Those who totally ignore them ... should not be heard to complain that a sanction was too severe." *Storm v. Durr,* 2003 SD 6, ¶ 17, 657 N.W.2d 34, 38 (quoting *Schwartz v. Palachuk,* 1999 SD 100, ¶ 23, 597 N.W.2d 442, 447). Jenco was expressly ordered to obtain new counsel and chose to disregard that order for thirty months. Plaintiff cannot be heard to complain now that the sanction was too harsh when compliance with the court's order was completely within Jenco's control. Jenco has not shown any reason for its failure to obtain substitute counsel nor has it shown

that the trial court abused its discretion in dismissing with prejudice under SDCL 15–6–41(b) for failure to obey a court order.

[¶ 19.] Jenco has failed to show good cause for its unreasonable delay in this case. The trial court was faced with a thirty-month delay for which Jenco had little, if any, excuse, and the disappearance of a key witness. Plaintiff has not shown that the trial court abused its discretion in dismissing this case with prejudice.[3]

[¶ 20.] **2. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING JENCO'S MOTION FOR RECONSIDERATION.**

[¶ 21.] Jenco also disputes that United Fire was prejudiced by the disappearance of a key witness and claims that the court abused its discretion by not reconsidering its finding of prejudice. Approximately one week after the court entered an Order of Dismissal, Jenco asked the court to reconsider based upon Jencos assertion that the witness was located in Sturgis, South Dakota. It was not until after the order of dismissal that Jenco claimed the witness lived in Sturgis and petitioned for reconsideration. The trial court would have been free to reject Jenco's contention that the witness was available because neither party ever actually contacted the witness.

[¶ 22.] Jenco argues that having allegedly found the witness, the court's decision to dismiss was abuse of discretion because there was no showing of prejudice to the defendant. However, the court was not required to make a finding of prejudice in order to dismiss the action. SDCL 15–11–11 allows a court to dismiss an action for failure to prosecute when 1) there has been no activity for one year and 2) there is no showing of good cause which excuses the inactivity. *Swenson,* 1999 SD 61, ¶ 13, 594 N.W.2d at 343. In evaluating a motion to dismiss under SDCL 55–11–11 or SDCL 15–6–41(b), prejudice by lack of activity is not necessary. See *Swenson,* 1999 SD 61, ¶¶ 14–15, 594 N.W.2d at 343–44 (citations omitted). Plaintiff has not shown that the trial court abused its discretion in denying the motion for reconsideration.

[¶ 23.] GILBERTSON, Chief Justice, and LIEBERMAN, Circuit Judge, concur.

[¶ 24.] KONENKAMP and MEIERHENRY, Justices, dissent.

[¶ 25.] LIEBERMAN, Circuit Judge, sitting for ZINTER, Justice, disqualified.

MEIERHENRY, Justice (dissenting).

[¶ 26.] I respectfully dissent.

[¶ 27.] Dismissal with prejudice when the statute of limitations has not run is too harsh under the circumstances of this case. The trial court specifically based its decision to dismiss on three factors: (1) the lack of activity for two and one-half years, (2) no justification for the delay such as settlement negotiations, discovery or agreements, and (3) prejudice to United Fire because of the disappearance of a witness. United Fire did not claim it was financially prejudiced nor did the trial court make a finding of financial prejudice. Neither did the trial court in any way indicate that it was dismissing this case because of judicial economy. Further, the

---

**3.** The dissent asserts that the trial court could have chosen a less severe sanction. However, under an abuse of discretion standard, "it is not for us to determine whether we would have made a like ruling, but whether a judicial mind in view of the law under the circumstances could reasonably have reached such a conclusion." *Sowards v. Hills Materials, Co.,* 521 N.W.2d 649, 652 (S.D.1994).

trial court did not dismiss because the plaintiff failed to obey a court order requiring substitute counsel. Since the trial court did not base its decision on financial prejudice, judicial economy or failure to follow a court order; this Court should not rely on them to justify the dismissal.

[¶ 28.] This Court has repeatedly stated that "mere passage of time" is not the test to determine if an action should be dismissed. *Swenson v. Sanborn Co. Farmers Union Oil Co.,* 1999 SD 61 ¶ 17, 594 N.W.2d 339, 344; *London v. Adams,* 1998 SD 41, ¶ 12, 578 N.W.2d 145, 148; *Opp v. Nieuwsma,* 458 N.W.2d 352, 356 (S.D. 1990); *Holmoe v. Reuss,* 403 N.W.2d 30, 31 (S.D.1987). Mere passage of time, however, appears to be the basis of this dismissal. Although the plaintiff did not present an excuse for the delay, completely closing the door to the claim does not comport to this Court's goal of doing justice. I would, instead, adopt an approach similar to one the courts of Minnesota have taken to consider the statute of limitations in relationship to the reasonableness of delay.[4] The Minnesota Supreme Court uses a two pronged test in evaluating dismissals for failure to prosecute under its equivalent 41(b) rule.[5] "Before an action should be dismissed for failure to prosecute, it must be shown: (1) that the delay prejudiced the defendant, and (2) that the delay was unreasonable and inexcusable." *Modrow,* 656 N.W.2d at 394 (citing *Scherer v. Hanson,* 270 N.W.2d 23, 24

(Minn.1978)). One of the factors in determining reasonableness of delay is whether the delay is shorter than the time period of the statute of limitations for bringing the action.

> We also note that one of the factors a district court may consider in evaluating the reasonableness of any delay is whether the delay is shorter than the time period the statute of limitations provides for asserting the plaintiff's cause of action. It is difficult to conclude that a delay is unreasonably long when it is less than the length of time the legislature provides for a plaintiff to commence her cause of action.... It appears inconsistent to dismiss an action because of prefiling delay when the action included claims that may not be time-barred, especially when the dismissal is with prejudice and not on the merits. Such a dismissal is certainly contrary to the 'primary objective' of disposing of claims on their merits.

*Id.* at 397.

[¶ 29.] This Court has said many times that cases should ordinarily be decided on the merits. *Upper Plains Contracting Inc. v. Pepsi Americas,* 2003 SD 3, ¶ 22, 656 N.W.2d 323, 330; *Roso v. Henning,* 1997 SD 82, ¶ 12, 566 N.W.2d 136, 141; *International Union of Operating Engineers Local No. 49 v. Aberdeen School Dist. No. 6–1,* 463 N.W.2d 843, 844 (S.D. 1990). There were other sanctions less harsh which the court could have imposed

4. In *Simpson v. C & R Supply, Inc.,* we affirmed the trial court's refusal to dismiss under SDCL 15–11–11. The trial court noted that the statute of limitations had not run. Justice Konenkamp notes in his writing that the trial court had legitimate reasons not to dismiss one of which was that the statute of limitations had not run. 1999 SD 117, ¶ 12, 598 N.W.2d 914, 918–19.

5. Minnesota Rules of Civil Procedure 41.02(a) provides that the trial court may "upon its own initiative, or upon motion of a party, and upon such notice as it may prescribe, dismiss an action or claim for failure to prosecute or to comply with these rules or any order of the court." *Modrow v. JP Foodservice, Inc.,* 656 N.W.2d 389, 393–394 (Minn.2003).

to move the trial forward short of dismissal with prejudice. The court could have imposed sanctions, set the matter for trial, or any other number of requirements to get the case moving on the court's docket or the court could have simply dismissed without prejudice.

[¶ 30.] For the reasons above I would reverse.

[¶ 31.] KONENKAMP, Justice, joins this dissent.