#24097-a-RWS

**2007 SD 7**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

WILLIAM ROTENBERGER,                          Plaintiff and Appellee,

  v.

LEX BURGHDUFF,                          Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
HARDING COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE WARREN G. JOHNSON
Judge

\* \* \* \*

ROGER A. TELLINGHUISEN of
Tellinghuisen & Gordon, P.C.
Spearfish, South Dakota                          Attorneys for plaintiff
          and appellee.


ROBERT M. NASH of
Wilson, Olson & Nash, P.C.
Rapid City, South Dakota                          Attorneys for defendant
          and appellant.

\* \* \* \*

CONSIDERED ON BRIEFS
ON NOVEMBER 27, 2006

OPINION FILED **01/10/07**

#24097

SABERS, Justice

[¶1.]     After the circuit court dismissed William Rotenberger's (Rotenberger) action against Lex Burghduff (Burghduff) for lack of prosecution, Rotenberger brought the same action thirteen months later.  Burghduff alleged the action was barred by res judicata and collateral estoppel.  Rotenberger proceeded to bring a motion to vacate the order of dismissal, which the circuit court granted.  The circuit court also entered an order of dismissal nunc pro tunc that made the dismissal for lack of prosecution without prejudice.  Burghduff appeals three issues.  We affirm.

**FACTS**

[¶2.]     On July 31, 2003, Rotenberger commenced an action against Burghduff for a prescriptive easement.  Rotenberger requested a declaration that he was entitled to a prescriptive easement and an injunction prohibiting Burghduff from preventing Rotenberger's access to the trail.  Burghduff filed his answer to the complaint on September 9, 2003.

[¶3.]     For more than one year there was no action on the file.  On February 4, 2005, the circuit court judge sent a letter to the attorneys for Burghduff and Rotenberger asking about dismissing the action for lack of prosecution under SDCL 15-11-11.  The letter indicates the attorneys were to reply back by March 1, 2005.  The record does not indicate if either party responded to the circuit court's request.  Accordingly, the circuit court dismissed the action pursuant to SDCL 15-11-11 on February 23, 2005.  The record shows that the scheduling clerk sent the order of dismissal to the attorneys for both Burghduff and Rotenberger.

[¶4.]     On July 18, 2005, Rotenberger commenced an identical action against Burghduff.[1]  Burghduff answered the complaint using the same defenses he used in the previous action.  He also alleged this action was barred by res judicata and estoppel because the previous action had been dismissed by the circuit court.  Eventually, the circuit court entered an order in favor of Rotenberger on the prescriptive easement and permanent injunction and Burghduff appealed.  *See* Rotenberger v. Burghduff, No. 24143, *pending*.

[¶5.]     On March 9, 2006, Rotenberger moved to vacate the February 2005 order of dismissal for lack of prosecution.  A hearing was held in front of the circuit court.  On March 16, 2006, the circuit court vacated the order of dismissal and entered an order of dismissal nunc pro tunc, which made the original dismissal without prejudice.

[¶6.]     Burghduff appeals and raises the following issues:

> 1.     Whether the circuit court abused its discretion in vacating the February 23, 2005 dismissal where Rotenberger made no showing of exceptional circumstances under SDCL 15-6-60(b).
>
> 2.     Whether the motion to vacate the order of dismissal should have been granted when it was brought more than a year after the notice of entry of judgment.
>
> 3.     Whether the dismissal of the action for lack of prosecution under SDCL 15-11-11[2] and/or SDCL 15-6-41(b)[3] is a dismissal with prejudice.

---

1.     Harding County Civ. 05-10.

2.     SDCL 15-11-11 provides:
> The court may dismiss any civil case for want of prosecution upon written notice to counsel of record where the record reflects that there has been no activity for one year, unless good cause is shown to the contrary.  The term "record," for purposes of
>                                                  (continued . . .)

#24097

## STANDARD OF REVIEW

[¶7.]     "A trial court's dismissal for failure to prosecute is reviewed under an abuse of discretion standard." Jenco, Inc. v. United Fire Group, 2003 SD 79, ¶7, 666 NW2d 763, 765 (citing Devitt v. Hayes, 1996 SD 71, ¶7, 551 NW2d 298, 300).  In reviewing for abuse of discretion we determine "whether we believe a judicial mind, in view of the law and the circumstances, could reasonably have reached that conclusion." Huber v. Dep't of Pub. Safety, 2006 SD 96, ¶22, 724 NW2d 175, 180 (citing Dacy v. Gors, 471 NW2d 576, 580 (SD 1991)).  Likewise, "[t]he decision to

---

(. . . continued)

establishing good cause, shall include, but not by way of limitation, settlement negotiations between the parties or their counsel, formal or informal discovery proceedings, the exchange of any pleadings, and written evidence of agreements between the parties or counsel which justifiably result in delays in prosecution.

3.     SDCL 15-6-41(b) provides:
For failure of the plaintiff to prosecute or to comply with this chapter or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of the plaintiff's evidence, the defendant, without waiving the defendant's right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.  The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.  If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in § 15-6-52(a).  Unless the court in its order for dismissal otherwise specifies, a dismissal under this section and any dismissal not provided for in § 15-6-41, other than a dismissal for lack of jurisdiction, or for failure to join a party under § 15-6-19, operates as an adjudication upon the merits.

-3-

grant or deny a motion under SDCL 15-6-60(b) rests with the sound discretion of the trial court and will not be disturbed on appeal unless there has been an abuse of discretion." Walsh v. Larsen, 2005 SD 104, ¶6, 705 NW2d 638, 641 (citing Porter v. Porter, 1996 SD 6, ¶4, 542 NW2d 448, 449 (citing Hrachovec v. Kaarup, 516 NW2d 309, 311 (SD 1994)).[4]

[¶8.]     Whether a dismissal under SDCL 15-11-11 results in a dismissal with or without prejudice presents a question of statutory interpretation and application. As we have previously noted:

> Statutory interpretation and application are questions of law, and are reviewed by this Court under the de novo standard of review. Statutes are to be construed to give effect to each statute and so as to have them exist in harmony. It is a fundamental rule of statutory construction that the intention of the law is to be primarily ascertained from the language expressed in the statute.

State v. $1,010 in Am. Currency, 2006 SD 84, ¶8, 772 NW2d 92, 94 (additional and internal citations omitted). "We give words their plain meaning and effect, and read statutes as a whole, as well as enactments relating to the same subject." Chapman v. Chapman, 2006 SD 36, ¶11, 713 NW2d 572, 576 (additional citations omitted).

[¶9.]     We examine Issue 3 first, whether a dismissal under SDCL 15-11-11 is with or without prejudice, as it is determinative.

---

4.     Rotenberger did not appeal the dismissal for failure to prosecute.

#24097

**[¶10.]  Whether the dismissal of the action for lack of prosecution under SDCL 15-11-11 is a dismissal with prejudice.[5]**

[¶11.]    Burghduff claims that the February 23, 2005 order of dismissal for lack of prosecution was a final order that dismissed the action with prejudice. Rotenberger argues, and the record reflects, that the order of dismissal was entered under SDCL 15-11-11.  He claims that a dismissal under SDCL 15-11-11 is a dismissal without prejudice.

[¶12.]    Burghduff cites three cases in support of his argument the dismissal was with prejudice.  However, the cited cases address dismissals for lack of prosecution solely or in conjunction with SDCL 15-6-41(b).  Swenson v. Sanborn County Farmers Union Oil Co., 1999 SD 61, ¶1, 594 NW2d 339, 341; *Devitt*, 1996 SD 71, ¶4, 551 NW2d 298, 299; Fox v. Perpetual Nat'l Life Ins. Co., 273 NW2d 166, 167 (SD 1978).  Two of the orders explicitly noted the dismissal was with prejudice. *Devitt*, 1996 SD 71, ¶20, 551 NW2d at 302 (Konenkamp, J., dissenting); *Fox*, 273 NW2d at 168.  As the record reflects, this dismissal was entered under SDCL 15-11-11 and did not state whether the dismissal was with or without prejudice; therefore, these cases are inapplicable.

---

5.    In his brief, Rotenberger framed the issue as "Is the dismissal of the action for want of prosecution by the court under SDCL 15-11-11 and/or SDCL 15-6-41(b), a dismissal with prejudice?"  However, the petition for certiorari only questioned whether SDCL 15-11-11 was a dismissal with prejudice and the circuit court only granted the dismissal under SDCL 15-11-11.  Therefore the issue is, "Whether the dismissal of the action for lack of prosecution under SDCL 15-11-11 is a dismissal with prejudice."

[¶13.] Rotenberger urges this Court to find a dismissal under SDCL 15-11-11 is a dismissal without prejudice. Recently, we stated as much in *Jenco, Inc. v. United Fire Group.* 2003 SD 79, ¶9, 666 NW2d 763, 765. In *Jenco*, the 3-2 decision upheld a dismissal of the case with prejudice under SDCL 15-11-11 and SDCL 15-6-41(b) when Jenco failed to prosecute its case for thirty months after the judge ordered it to obtain new counsel. *Id.* Significantly, it was noted that "[g]enerally, a dismissal under SDCL 15-11-11 is without prejudice to the right to bring the action again." *Id.*

[¶14.] In this case, the order to dismiss was under SDCL 15-11-11. The circuit court did not explicitly state whether it was with or without prejudice. However, if a dismissal under SDCL 15-11-11 is generally without prejudice, we cannot infer the dismissal is with prejudice because of silence. In fact, we come to the opposite conclusion – a dismissal under SDCL 15-11-11 is without prejudice.

[¶15.] This decision comports with the underlying policy of SDCL 15-11-11. "The rationale for a dismissal under SDCL 15-11-11 is to clear the court's docket and expedite the judicial process." *Devitt*, 1996 SD 71, ¶21, 551 NW2d at 302 (Konenkamp, J., dissenting). Some courts do not even allow a dismissal with prejudice in a dismissal for lack of prosecution. *Id.* (citing Southeast Mortgage Co. v. Sinclair, 632 So2d 677, 678 (FlaDistCtApp 1994)). South Dakota has allowed a dismissal with prejudice under SDCL 15-11-11 in some cases, when combined with a SDCL 15-6-41(b) motion. *See Jenco*, 2003 SD 79, ¶¶9, 19, 666 NW2d at 765, 768; *Devitt*, 1996 SD 71, ¶¶4, 17, 551 NW2d at 299, 301.

[¶16.]        SDCL 15-11-11 is a supreme court rule, not a legislative rule.  The rule

was meant to operate as a clerical tool, not a substantive dismissal.  It allows a

circuit court to dismiss a case that is not being prosecuted in order to clear its

calendar.  It was not meant to forever bar a case.  A case should not be dismissed

with prejudice merely because the statute allows a court to clear its docket after a

quota of inactivity is met.

[¶17.]        In contrast, SDCL 15-6-41(b)[6] provides for a dismissal with prejudice if

the plaintiff's actions are egregious and operates as a dismissal with prejudice

unless the judge explicitly states otherwise.  This language is not in SDCL 15-11-11

and we will not read it into the statute.  The inclusion of that language only in

SDCL 15-6-41(b) demonstrates a different result is intended for a dismissal under

the different statutes.  A comparison of the two statutes and the plain wording of

SDCL 15-11-11 demonstrate a dismissal under SDCL 15-11-11 does not operate as a

dismissal with prejudice.  That is the result under SDCL 15-6-41(b).  Under SDCL

15-11-11, the dismissal is without prejudice.

[¶18.]        In this case, the dismissal for lack of prosecution was silent regarding

prejudice; therefore, the dismissal was without prejudice.  As a result, Rotenberger

---

6.      Compare SDCL 15-11-11 with SDCL 15-6-41(b).  SDCL 15-11-11 only
        requires no record activity for a period of a year.  In contrast, 15-6-41(b) does
        not specifically state a period of time, but requires the plaintiff's conduct to
        be egregious before dismissal.  *See Swenson*, 1999 SD 61, ¶21, 594 NW2d at
        345 (citing *Devitt*, 1996 SD 71, ¶16, 551 NW2d at 301).  Another
        distinguishing factor between the two statutes is that "SDCL 15-6-41(b)
        provides that a dismissal under that rule . . . will be considered as an
        adjudication upon the merits of the case unless otherwise ordered by the trial
        court."  *Fox*, 273 NW2d at 168.

could bring his action again, so long as there were no other bars preventing the action. Because the dismissal was without prejudice, the circuit court did not need to vacate the order of dismissal in order for Rotenberger to bring the July 18, 2005 action and we need not reach those issues.

[¶19.]     Affirmed.

[¶20.]     GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.