SABERS, Justice
(concurring specially).
[¶ 33.] I generally agree with the spirit of the dissent, but I am satisfied there are facts in this case that demonstrate the trial court did not abuse its discretion when granting the 15-6-41(b) motion.
[¶ 34.] Between November 10, 1998, the date of the fire, and November 11, 2002, defense counsel requested “the identity of persons that plaintiffs’ counsel wanted to depose” on at least ten different occasions. Every request was ignored or unanswered. From November 11, 2002, it appears that defense counsel “gave up” attempting to obtain the identities, and with good reason. Plaintiffs’ counsel was resisting forward motion of this lawsuit in almost every category. This substantially adds to the “likely prejudice” that would result from the July 2004 disbanding of the *800 Volunteer Fire Department and the difficulty that would be incurred if these firefighters were needed for a trial many years after the fire.
[¶ 35.] Even more important is the fact that the record establishes years of unreasonable, unexplained, delay and inactivity. See Holmoe v. Reuss, 403 N.W.2d 30, 31 (S.D.1987); see also Jenco, Inc. v. United Fire Group, 2003 SD 79, ¶ 13, 666 N.W.2d 763, 766.
[¶ 36.] “We have held that an abuse of discretion refers to a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence.” Pearson v. O’Neal-Letcher, 2007 SD 92, ¶ 10, 738 N.W.2d 914, 917 (emphasis added) (additional citation omitted). In view of all of these matters, it is extremely difficult to conclude that the trial court abused its discretion, in dismissing with prejudice under SDCL 15-6 — 41(b).