KONENKAMP, Justice
(dissenting).
[¶ 37.] In 1998, the plaintiffs’ home was totally destroyed in a tragic fire. If the allegations in their complaint are true, the loss was at least partially the fault of the defendant Wayne Township Volunteer Fire Department. On the motion of the defendant, however, the case was dismissed for undue delay. In this appeal, the Court upholds the dismissal, even though there was no allegation or finding that the delay caused any prejudice to the defendant, or that some other less extreme sanction had been tried or was not available.
[¶ 38.] The rule we address here is a dismissal under SDCL 15-6-41(b) (Rule 41(b)). This is not a dismissal under SDCL 15-11-11. In the many years since these rules were adopted, we have never distinguished which rule applies in different circumstances. Today’s opinion relies on cases applying one or the other rule or both rules, leaving no clear guide on how and when each should be used.
[¶ 39.] To be clear, § 15-11-11 is a court-made rule designed to allow judges to free their dockets of cases that have remained dormant for a year or more because of inaction by the parties seeking relief.[11] It requires no motion by the opposing side. A court may initiate action to dismiss on its own. When a case is dismissed under this rule, it is done without prejudice, meaning that the case is not dismissed on its merits. Rotenberger v. Burghduff, 2007 SD 7, ¶14, 727 N.W.2d 291, 295. On the other hand, § 15-6-41(b) (Rule 41(b)), also a court-made rule, serves as a tool for sanctioning a party for delay or disobedience in the processing of a case.[12] See Rotenberger, 2007 SD 7, ¶ 17, 727 N.W.2d at 295. It requires a motion by the opposing side, and the dismissal may be with or without prejudice. SDCL 15-6-41(b) (Rule 41(b)).
[¶ 40.] To distinguish the standards applicable to dismissals under § 15-6-41 (b), applied in this ease, we should avoid relying on cases supporting dismissals under *801 § 15 — 11—ll.[13] We must also avoid relying on cases where we have made the same mistake as today in failing to differentiate the two types of dismissals.[14] Because the purposes behind these rules are different, their uses should not be blurred. There may be some overlap in these two rules, of course, but the crucial distinction between § 15-11-11, as a court management tool, and § 15 — 6—41(b), as a penalty for delay or disobedience, should be preserved.
[¶ 41.] In our most recent decision dealing only with § 15-6-41(b), we indicated that prejudice to the opposing side is an element to consider in deciding whether to grant a dismissal. See Duncan v. Pennington County Hous. Auth., 382 N.W.2d 425, 427 (S.D.1986). See also Jenco, 2003 SD 79, ¶ 28, 666 N.W.2d at 769 (Meierhenry, J., dissenting) (prejudice must be considered). Our § 15-6-41(b) was taken directly from the Federal Rules of Civil Procedure, Rule 41(b).[15] Federal courts applying this rule use a set of criteria to determine whether dismissal on the merits is warranted. We would do well to implement these factors so as to clearly distinguish between § 15-11-11 and § 15-6-41(b) and ensure that meritorious cases are not unfairly or unnecessarily thrown out of court.
[¶ 42.] Considering the public policy favoring resolution of cases on their merits, and that dismissal with prejudice is a harsh remedy to be used only in extreme circumstances, we should consider, in addition to the question of unreasonable and unexplained delay in prosecution, (1) whether the plaintiff had received notice that further delays would result in dismissal; (2) whether the judge adequately assessed the efficacy of lesser sanctions before dismissal was ordered; (3) whether the conduct of the party or the attorney was willful or in bad faith; (4) the degree of actual prejudice to the opposing side or the substantial likelihood of future prejudice in the event of further delay; and (5) the merits of the plaintiffs claim for relief. See Shannon v. Gen. Elec. Co., 186 F.3d 186, 193-94 (2d Cir.1999); Knoll v. Am. Tel. & Tel.Co., 176 F.3d 359, 363 (6th Cir.1999); Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir.1992); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir.1984); Harding v. Fed. Reserve Bank of New York, 707 F.2d 46, 50 (2d Cir.1983).
*802 [¶ 43.] Under these standards, this case should not have been dismissed. First, the plaintiffs never received any pri- or warnings that further delay would cause dismissal of their complaint. Second, the circuit court never considered in its findings whether any other, less drastic, sanctions were available. Third, although the plaintiffs’ attorneys were dilatory, there was no evidence of bad faith. Certainly, the original lead counsel’s cancer and subsequent demittal from the bar can be considered a mitigating factor. Fourth, the defendant demonstrated no prejudice attributable to delay, such as an indication that evidence was lost or that discovery would be more difficult. Indeed, the circuit court made no finding that the defendant was prejudiced. All we have is speculation by this Court that witnesses may not be found. Fifth, although the delay in this case is considerable, the plaintiffs present a compelling claim against the defendant in the catastrophic loss of their home. In fact, the circuit court earlier denied the defendant’s motion for summary judgment on two claims.
[¶ 44.] Under the proper interpretation of SDCL 15-6-41 (b), we should rule that the circuit court abused its discretion in dismissing this case.
[¶ 45.] MEIERHENRY, Justice, joins this dissent.

. SDCL 15-11-11 provides in part:
The court may dismiss any civil case for want of prosecution upon written notice to counsel of record where the record reflects that there has been no activity for one year, unless good cause is shown to the contrary ....

. SDCL 15-6-41(b) provides in part:
For failure of the plaintiff to prosecute or to comply with this chapter or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this section ... operates as an adjudication upon the merits.

. The Court’s opinion cites Annett v. Am. Honda Motor Co. Inc., 1996 SD 58, ¶ 11, 548 N.W.2d 798, 802 (dismissal under SDCL 15-11-11); Dakota Cheese, Inc. v. Taylor, 525 N.W.2d 713, 715-16 (S.D.1995) (decided only under SDCL 15-11-11, although both rules cited); and Opp v. Nieuwsma, 458 N.W.2d 352, 356 (S.D.1990) (no rule cited, but presumably SDCL 15-11-11).

. In the following cases cited in the Court’s opinion, both § 15-11-11 and § 15-6-41(b) were treated together, apparently without distinction. Jenco, Inc. v. United Fire Group, 2003 SD 79, ¶ 9, 666 N.W.2d 763, 765-66 (both); Swenson v. Sanborn County Farmers Union Oil Co., 1999 SD 61, ¶ 12, 594 N.W.2d 339, 343 (opinion assumed both); London v. Adams, 1998 SD 41, ¶ 13, 578 N.W.2d 145, 148-49 (both); Devitt v. Hayes, 1996 SD 71, ¶ 12, 551 N.W.2d 298, 300-01 (both); Du-Al Mfg. Co. v. Sioux Falls Constr. Co., 444 N.W.2d 55, 56 (S.D.1989) (both); Schwartzle v. Austin Co., 429 N.W.2d 69, 71 (S.D.1988) (both); Holmoe v. Reuss, 403 N.W.2d 30, 31 (S.D.1987) (both).

.Rule 41(b) of the Federal Rules provides:
If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule' — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-operates as an adjudication on the merits.