WATKINS PRODUCTS, INC., Appellant v.
LYTLE, et al., Respondents

(238 N.W.2d 299)

(File No. 11663. Opinion filed February 6, 1976)

**Dudley R. Herman**, of **Herman & Wernke**, Gregory, for plaintiff and appellant.

**Charles Rick Johnson**, of **Johnson, Johnson & Eklund**, Gregory, for defendants and respondents.

DUNN, Chief Justice.

Plaintiff appeals from an order of the circuit court dismissing this action for failure of prosecution by plaintiff. We affirm. The record reveals that plaintiff filed its summons and complaint on April 14, 1969, alleging that defendant John Wayne Lytle owed money on merchandise sold to him by plaintiff. Also named as defendants were the sureties who had signed the sales contract and had guaranteed payment. The defendants answered the complaint and the defendant sureties counterclaimed alleging that the plaintiff fraudulently and intentionally instituted the suit as part of a scheme to do "business by lawsuit." The sureties sought both actual and exemplary damages in the counterclaim.

Plaintiff caused the matter to be noticed for trial and it was placed on the trial calendar in Brule County on July 1, 1971. On August 18, 1971, the defendants served on plaintiff's counsel a set of interrogatories. Counsel for plaintiff then served objections to the interrogatories. There was a notice of a proposed hearing on the objections, but no hearing ever took place.

On November 11, 1971, defendants moved the court to allow them to serve a third-party complaint and to serve an amended answer and counterclaim. At the time set for hearing thereon, counsel for defendants asked leave of the Court to delay the filing of the amended answer and counterclaim and third-party complaint until such time as the interrogatories were answered.

The record shows nothing further being done by plaintiff's counsel until December 1974. Between 1971 and 1974, defendants' counsel attended six consecutive calendar calls in Brule County. Counsel for plaintiff did not appear at any of the calendar calls. At the fifth and sixth calendar calls counsel orally moved for a dismissal of the action. The court suggested that a formal written motion to dismiss be made.

Defendants' counsel took this advice, and on November 27, 1974, he made written motion to have the action dismissed for lack of prosecution. Thereafter, counsel for plaintiff served his answers to the interrogatories on December 13, 1974, and served objections to the motion to dismiss on December 16, 1974. Oral arguments were heard by the court on December 16th and the order dismissing the action was filed on February 27, 1975.

Plaintiff's only point on this appeal is that the trial court erred in not considering the negligence and delay of defendants in its decision to dismiss this action for failure to prosecute. Plaintiff contends that defendants were as negligent as plaintiff in not speedily bringing the case on for trial. Our inquiry will therefore be directed to the question of whether the trial court abused its discretion in granting defendants' motion to dismiss pursuant to SDCL 15-6-41(b).

Plaintiff directs this court's attention to the case of Welch v. McCoy, 1918, 40 S.D. 273, 167 N.W. 159. That case involved an action to quiet title to real estate. The defendants in the action counterclaimed and alleged their interest in the real estate. This court held that the trial court erroneously dismissed the action for failure to prosecute since by filing the counterclaim the defendants had as much of a stake in the outcome of the suit as did the plaintiff. In the instant case, plaintiff asserts that this ac-

tion should not have been dismissed because of the counterclaim of the defendant sureties.

■ Plaintiff is mistaken in assuming that Welch v. McCoy, supra, is controlling. In that case the claim of the defendant, if valid, was a matured claim. In the present case, the counterclaim is not one which is permissible under R.C.P. 13(b) and (e) as the claim had not matured and would necessarily have been stricken from the pleading had plaintiff made an apt motion.

"A claim in the nature of malicious prosecution, which arises out of the bringing of the main action, generally cannot be asserted either as a compulsory or a permissive counterclaim, since such a claim is premature prior to the determination of the main action." 3 Moore's Federal Practice ¶ 13.13 at p. 13-308.

Counterclaims maturing or acquired after pleading Rule 13(e) were explained thusly:

"To come within the scope of Rule 13 a counterclaim must have 'matured'. If the counterclaim has not matured it states no cause of action. The proposed counterclaim has not matured because the relief sought is dependent upon plaintiff's failure to prevail in the case at bar. Pleading a claim for damages arising from the wrongful bringing of an action before the final determination thereof is premature and unauthorized by the Rules of Civil Procedure." Goodyear Tire & Rubber Co. v. Marbon Corporation, 1940, D.C.Del., 32 F.Supp. 279 at 280.

Among the essential elements of a cause of action for malicious prosecution is proof of

"(1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff, * * * (3) its bona fide termination in favor of the present plaintiff * * *."

Kunz v. Johnson, 1953, 74 S.D. 577, 582-583, 57
N.W.2d 116, 119, and cases cited at 74 S.D. 583, 57
N.W.2d 116; McIntyre v. Meyer, 1965, 81 S.D. 417,
136 N.W.2d 351.

▮ We are convinced from the record that the trial court did not abuse its discretion in dismissing the action for lack of prosecution. The plaintiff started a lawsuit, but it failed by any reasonable standards to follow through and bring the matter on for trial. It is certainly true that defendants' counsel raised all the usual legal obstacles possible to the prosecution of a collection case. He filed a counterclaim; he filed extensive interrogatories; and he filed motions and then sat back and waited for the plaintiff to proceed. The plaintiff did not answer the interrogatories, or, in the alternative, bring its objections on for hearing. It brought no motion on for hearing. Counsel for plaintiff did not attend six consecutive calendar calls over a period of three years where the case was pending so that any action could be taken to hear motions or set the case for trial. In fact, he did nothing until he received notice that defendants were moving to have the case dismissed. He cannot now complain because after almost five years the action was dismissed for failure to prosecute.

The order of the circuit court is affirmed.

All the Justices concur.