**DU–AL MANUFACTURING COMPANY, Plaintiff and Appellant,**

v.

**SIOUX FALLS CONSTRUCTION COMPANY, A Corporation, and Simpson's, Inc. d/b/a Simpson Structures, Inc., Defendants and Appellees.**

No. 16518.

Supreme Court of South Dakota.

Considered on Briefs May 24, 1989.

Decided Aug. 9, 1989.

**56** 

Acie W. Matthews of Pruitt, Matthews & Muilenburg, Sioux Falls, for plaintiff and appellant.

Douglas M. Deibert of Cadwell, Sanford & Deibert, Sioux Falls, for defendant and appellee, Sioux Falls Const. Co.

Carleton R. Hoy of Hoy & Hoy, Sioux Falls, for defendant and appellee, Simpson's, Inc. d/b/a Simpson Structures, Inc.

HENDERSON, Justice.

## CASE SUMMARY

██ We affirm the trial court's dismissal for plaintiff's failure to prosecute. Paramount in our decision is the consideration of SDCL 15–6–41(b) and SDCL 15–11–11. Our scope of review, when reviewing a trial court's grant (or denial) of a motion to dismiss for failure to prosecute, is: Did the trial court abuse its discretion? *Schwartzle v. Austin Co.*, 429 N.W.2d 69, 71 (S.D. 1988); *Duncan v. Pennington County Housing Authority*, 382 N.W.2d 425, 426 (S.D.1986); *Watkins Products, Inc. v. Lytle*, 90 S.D. 122, 124, 238 N.W.2d 299, 300 (1976). We find no abuse of discretion here.

## PROCEDURAL HISTORY

██ We must be mindful that it is the plaintiff's burden to proceed in prosecuting the action. *Potts v. Starr*, 76 S.D. 91, 94, 72 N.W.2d 924, 925 (1955). In this case, Plaintiff/Appellant, Du–Al Manufacturing Company (Plaintiff), initiated an action on October 6, 1975, arising out of a 1970 contract to build a manufacturing building, with Sioux Falls Construction Company (Contractor) and Simpson Structures, Inc. (Sub-contractor), Defendants/Appellees. Plaintiff filed a discovery motion on October 22, 1975. This was the last court activity until August 26, 1988, when Plaintiff filed a Certificate of Readiness for Trial. Both defendants interposed answers but neither answer was filed until late fall, 1988. On September 19, 1988, defendants made a motion to dismiss for lack of prosecution. This triggered filings of the answers and a resistance to the motion.

## INEXCUSABLE DELAY

In affirming this case, based upon the above statutes and the settled law of this state, we observe that, essentially, there is a total unexplained lack of activity in this file for a period of approximately 12 years and 10 months. Plaintiff relies heavily on a stipulation signed by the parties' counsel on December 3, 1975. This stipulation provided for the Sub-contractor to place test patches on the roof of Plaintiff's building. The stipulation also provided that Plaintiff would determine if the test repair procedures were satisfactory on or before August 1, 1976. The parties did not waive their right to proceed against any other party. Even if we were to consider this stipulation to provide an excuse for delay, the fact remains that no court activity occurred for another 12 years. Further, outside of any court environment, no activity between the parties is evident between 1979 and 1987. Were we to consider that there was excusable delay from December 3, 1975 to August 1, 1976, we are still confronted with an absolute, unquestioned, inexcusable inactivity for a period of 12 years.

## RATIONALE/DECISION

We note that there was some interplay of sorts between the parties pending this litigation. Briefly stated, it is this: Plaintiff/Appellant's president, Richard W. Viehweg, filed an affidavit resisting the motion to dismiss. He asserts that repairs

on the roof continued "for a period through 1979". According to him, the contractor acquiesced in these efforts.

Viehweg's affidavit was vague in detail, but one fact may be gleaned of import: The Sub-contractor apparently stopped repairs by the end of 1979. Viehweg then asserts that failure of the roof repair effort was not discovered "until 1987 and 1988". If, indeed, this is true, the roof apparently leaked for over 10 years before the repair process was proven a failure. This conclusion was reached when some wall damage developed. Therefore, at least seven or eight years after Sub-contractor made its last repairs, by Plaintiff's own account, damage to the walls of the building occurred. To tolerate a leaking roof for that long a time (Plaintiff claimed Sub-contractor was aware of continuing problems in 1981, yet made no assertion that any repairs were made after 1979), without asserting one's rights and to act only after water apparently damaged walls, is manifestly unreasonable. Dismissal of this action was proper.

Finding no abuse of discretion, the trial court is affirmed.

MORGAN and MILLER, JJ., concur.

SABERS, J., specially concurring.

WUEST, C.J., deeming himself disqualified, did not participate in this opinion.

SABERS, Justice (specially concurring).

I write specially to point out that the arguments of Du-al Manufacturing *may be valid* against Simpsons, as the sub-contractor who was making the repairs from time to time, but *not against* Sioux Falls Construction, as general contractor. Du-al should have reached a more detailed agreement with Sioux Falls Construction, filed same in court, and updated its status on an annual basis. Even though representatives of Du-al were dealing directly with representatives of the other companies, it remains the attorney's responsibility to protect the court record against dismissal for lack of prosecution. Therefore, we have no alternative but to dismiss. SDCL 15–6–41(b); *Holmoe v. Reuss*, 403 N.W.2d 30 (S.D.1987).