#24438-a-DG

**2008 SD 2**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

PAUL EISCHEN, SHARON EISCHEN,
JIM EISCHEN, JOHN EISCHEN and
ERIC EISCHEN,                                    Plaintiffs and Appellants,

  v.

WAYNE TOWNSHIP AND WAYNE
TOWNSHIP VOLUNTEER FIRE
DEPARTMENT,                                      Defendants and Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

HONORABLE BRADLEY G. ZELL and STUART L. TIEDE
Judges

* * * *

AARON D. SALBERG
Salberg Law Firm, PC
Sioux Falls, South Dakota                        Attorneys for plaintiffs
                                  and appellants.

DOUGLAS M. DEIBERT of
Cadwell, Sanford, Deibert & Garry, LLP
Sioux Falls, South Dakota                        Attorneys for defendants
                                  and appellees.

* * * *

ARGUED ON AUGUST 30, 2007

OPINION FILED **01/02/08**

#24438

GILBERTSON, Chief Justice

[¶1.] In connection with a suit claim, stemming from a November 10, 1998 fire at their residence, plaintiffs Paul, Sharon, Jim, John and Eric Eischen (collectively "Eischens") filed a negligence claim against defendants, Wayne Township Volunteer Fire Department (the "Volunteer Fire Department") and Wayne Township (defendants hereafter collectively, the "Township"), on November 9, 2001. On July 21, 2003, the Township filed a motion for summary judgment in the South Dakota Second Judicial Circuit Court. On December 9, 2003, the circuit court entered its order granting partial summary judgment. On August 3, 2005, the Township filed a motion to dismiss for failure to prosecute pursuant to SDCL 15-6-41(b). The circuit court granted the motion and entered its judgment of dismissal on September 7, 2005.

[¶2.] On November 7, 2005, Eischens served notice of appeal of the circuit court's order granting partial summary judgment and the final judgment of dismissal. On October 3, 2006, this Court heard oral arguments on Eischens' appeal. On November 3, 2006, we dismissed Eischens' appeal of the circuit court's grant of partial summary judgment as not reviewable under SDCL 15-26A-3 and ordered that on the issue of dismissal the case be reversed and remanded to the circuit court for entry of findings of fact and conclusions of law pursuant to SDCL 15-6-41(b).

[¶3.] On January 8, 2007, the circuit court entered judgment of dismissal with findings of fact and conclusions of law. We affirm.

## FACTS AND PROCEDURE

[¶4.] The events surrounding this case began with a fire at Eischens' residence in rural Minnehaha County, west of Sioux Falls, South Dakota, on the morning of November 10, 1998. The weather was atrocious, essentially developing into blizzard conditions. In spite of the weather, which delayed the response time of the Volunteer Fire Department, Eischens claimed they were gaining some control over the fire on their own, prior to the arrival of the firefighters. After the Volunteer Fire Department arrived, one mishap after another plagued the firefighters' efforts with the upshot being that the fire grew into an all-consuming inferno that destroyed Eischens' home and all of their personal property therein.

[¶5.] The record reflects the following activity in this case, almost entirely initiated by the Township:

1. October 18, 2001: Eischens serve Township with summons and complaint for negligence seeking damages in connection with the loss of their home and personal property. The complaint was filed on November 9, 2001.

2. November 1, 2001: Township serves answers and first set of interrogatories and requests production of documents.

3. January 31, 2002: Eischens serve answers to interrogatories.

4. February 6, 2002: Defense counsel's letter to plaintiffs' counsel requesting Eischens' depositions and identity of persons that plaintiffs' counsel wants to depose.

5. March 4, 2002: Defense counsel's letter to plaintiffs' counsel following up on February 6, request for Eischens' depositions.

6. March 27, 2002: Defense counsel's letter to plaintiffs' counsel with motion for scheduling order and follow-up request for identity of persons that plaintiffs' counsel wants to depose.

7. March 28, 2002: Defense counsel's letter to plaintiffs' counsel confirming March 28 telephone call from plaintiffs' counsel during

which depositions of Paul Eischen and plaintiffs' expert Terry Steenholdt were scheduled for April 25, 2002. Letter includes follow-up request for persons that plaintiffs' counsel wants to depose and corresponding scheduling request.

8. April 12, 2002: Defense counsel's letter to plaintiffs' counsel with notices of depositions and request for identity of persons that plaintiffs' counsel wants to depose.

9. April 19, 2002: Defense counsel's letter to plaintiffs' counsel regarding depositions and follow-up in reference to identity of persons that plaintiffs' counsel wants to depose.

10. April 24, 2002: Defense counsel's letter to plaintiffs' counsel regarding depositions.

11. April 24, 2002: Defense counsel's letter to plaintiffs' counsel regarding rescheduling of depositions following plaintiffs' counsel's notification that a plaintiffs' expert, Steenholdt, would not be available.

12. April 29, 2002: Defense counsel's letter to plaintiffs' counsel requesting follow-up on tentatively rescheduled depositions for May 1, 2002.

13. May 1, 2002: Defense counsel's letter to plaintiffs' counsel discussing potential subpoena for Steenholdt.

14. May 9, 2002: Defense counsel's letter to plaintiffs' counsel requesting follow-up on tentatively rescheduled depositions for May 14, 2002.

15. May 13, 2002: Defense counsel's letter to plaintiffs' counsel with proposed stipulation for entry of deposition scheduling order and request for disclosure of experts.

16. June 11, 2002: Defense counsel's letter to plaintiffs' counsel requesting signature and return of scheduling order sent May 13.

17. June17, 2002: Defense counsel's letter to the circuit court with stipulated scheduling order.

18. June 21, 2002: Entry of stipulated scheduling order, including June 30 deadline for disclosure of plaintiffs' experts and October 1 deadline for completion of discovery.

19. June 24, 2002: Defense counsel's letter to plaintiffs' counsel with notice of entry of scheduling order.

20. June 29, 2002: Plaintiffs' counsel's letter to defense counsel disclosing plaintiffs' expert, John Woodland.

21. July 1, 2002: Defense counsel's letter to plaintiffs' counsel requesting deposition schedule for plaintiffs' expert and Paul Eischen.

22. July 15, 2002: Defense counsel's letter to plaintiffs' counsel following up on July 1 request for scheduling of depositions.

23. July 24, 2002: Defense counsel's letter to plaintiffs' counsel confirming July 23 telephone conversation during which deposition of plaintiffs' expert, Woodland, was tentatively scheduled for September 6.

24. August 1, 2002: Defense counsel's letter to plaintiffs' counsel requesting confirmation of deposition tentatively scheduled for September 6.

25. August 15, 2002: Defense counsel's letter to plaintiffs' counsel acknowledging August 14 telephone call during which plaintiffs' counsel confirmed expert's deposition for September 6.

26. August 23, 2002: Defense counsel's letter to plaintiffs' counsel regarding time of September 6 deposition.

27. September 3, 2002: Defense counsel's letter to plaintiffs' counsel confirming telephone call on same day during which September 6 deposition was scheduled for 12:00 a.m.

28. September 6, 2002: Plaintiffs' expert, Woodland, deposed.

29. September 11, 2002: Defense counsel's letter to plaintiffs' counsel requesting follow up information from Woodland's deposition, deposition of Paul Eischen, and disclosure of identity of persons that plaintiffs' counsel wants to depose.

30. October 8, 2002: Defense counsel's letter to plaintiffs' counsel following up on items requested in September 11, 2002 letter.

31. October 23, 2002: Defense counsel's letter to plaintiffs' counsel containing notice of November 12, 2002 deposition of Paul Eischen, Township's second set of interrogatories and

request for production of documents related to expert's deposition, and follow-up on items requested in September 11 and October 8 letters.

32. November 11, 2002:  Defense counsel's letter to plaintiffs' counsel confirming November 8 telephone call during which plaintiffs' counsel informed defense counsel that Paul Eischen was unavailable for deposition on November 12.  Letter included amended notice of deposition scheduled for November 27.  Letter also renewed request for disclosure of identity of persons that plaintiffs' counsel wanted to depose.

33. November 27, 2002:  Paul Eischen deposed.

34. July 18, 2003:  Defense counsel serves notice of motion for summary judgment along with notice of August 25, 2003 hearing.

35. August 18, 2003:  Defense counsel's letter to plaintiffs' counsel confirming telephone conversation of same day during which motions hearing was rescheduled until September 15.

36. September 4, 2003:  Defense counsel's letter to plaintiffs' counsel requesting plaintiffs' responsive brief by September 8.

37. September 9, 2003:  Plaintiffs' letter to defense counsel including plaintiffs' affidavits, promise of delivery of responsive brief same day or by September 10, and request to reschedule motions hearing.

38. September 10, 2003:  Second amended notice of hearing motion for summary judgment.  Hearing rescheduled to September 29, 2003.

39. September 15, 2003:  Defense counsel's letter to plaintiffs' counsel renewing request for delivery of plaintiffs' responsive brief.

40. September 23, 2003:  Defense counsel's letter to plaintiffs' counsel noting that responsive brief has still not been delivered and setting out chronology of delay dating back to first postponement of motions hearing in August 2003.

41. September 26, 2003:  Plaintiffs' counsel's letter to defense counsel with motions for extension of time to complete responsive brief and for postponement of motions hearing.

42. September 29, 2003: Defense counsel's letter to plaintiffs' counsel with copy of proposed order of continuance.

43. October 8, 2003: Order of continuance entered with hearing on motion for summary judgment rescheduled to November 12, 2003.

44. October 10, 2003: Defense counsel's letter to plaintiffs' counsel with notice of entry of order of continuance.

45. October 24, 2003: Plaintiffs' counsel's letter to defense counsel with plaintiffs' responsive brief.

46. October 28, 2003: Defense counsel's letter to plaintiffs' counsel with transcription of 911 tape.

47. October 29, 2003: Defense counsel's letter to plaintiffs' counsel regarding 911 tape.

48. November 12, 2003: Hearing on motion for summary judgment.

49. December 2, 2003: Circuit court's letter opinion granting partial summary judgment.[1]

50. December 4, 2003: Defense counsel's letter to plaintiffs' counsel with copy of order for partial grant of motion for summary judgment.

51. December 12, 2003: Defense counsel's letter to plaintiffs' counsel with notice of entry of order.

52. February 3, 2004: Plaintiffs' counsel's letter to defense counsel with demand for $150,000.00.

53. February 17, 2004: Defense counsel's letter to plaintiffs' counsel rejecting demand and notifying intent to file motion for trial.

---

1. The circuit court granted the Township's motion for summary judgment on three issues relevant to the Township's response to the fire that the court determined invoked sovereign immunity. The circuit court denied the Township's motion for summary judgment on two issues that the court determined did not invoke sovereign immunity.

54. February 17, 2004: Defense counsel files motion for trial.

55. March 19, 2004: Defense counsel's letter to plaintiffs' counsel following up on earlier discussions and plaintiffs' counsel's promise to respond by week of March 8 on defense counsel's request to bifurcate liability issue from damages.

[¶6.] After March 2004 and through August 2005, despite repeated attempts by defense counsel to communicate with plaintiffs' counsel regarding their demand and the scheduling of a trial date, the Township received no response from Eischens or plaintiffs' counsel. On August 4, 2005, six years and nine months after the fire, three years and nine months after Eischens filed suit, and 18 months after Eischens' last action on the case, the Township moved for dismissal for failure to prosecute pursuant to SDCL 15-6-41(b). The hearing on the motion to dismiss was scheduled for August 30, 2005.

[¶7.] On August 26, 2005, plaintiffs' attorney, A.J. Wassom, filed an affidavit stating that he had been diagnosed with prostate cancer in January 2004 and had undergone treatment.[2] On August 29, 2005, plaintiffs' attorney Richard L. Johnson filed an affidavit stating that on December 31, 2004, he and attorney Wassom met with a prospective expert witness in regard to Eischens' claim. At the August 30, 2005 hearing, based on the evidence of the history of inactivity on the part of Eischens, the circuit court granted the Township's motion to dismiss for

---

2. Plaintiffs' counsel submitted evidence, prior to the August 30, 2005 hearing, that A.J. Wassom had not been a member of the South Dakota Bar Association since December 31, 2004, and prior to that had been on the inactive list as early as July 2003.

failure to prosecute. On September 7, 2005, the circuit court entered judgment of dismissal on the merits without findings of fact and conclusions of law.

[¶8.] On November 7, 2005, Eischens served notice of appeal of the circuit court's orders granting partial summary judgment and dismissal for failure to prosecute. This Court heard oral arguments and, on November 3, 2006, dismissed Eischens' appeal of the circuit court's order granting partial summary judgment since it was not reviewable as a final order, as required under SDCL 15-26A-3, since it was not a final judgment as to all issues of fact and law on the motion. *See* Action Carrier, Inc. v. United Nat. Ins. Co., 2005 SD 57, ¶25, 697 NW2d 387, 393; Davis v. Farmland Mut. Ins. Co., 2003 SD 111, ¶10, 669 NW2d 713, 717. However, on the issue of the dismissal pursuant to SDCL 15-6-41(b), we remanded the case to the circuit court for entry of findings of fact and conclusions of law.[3] On January 8, 2007, the circuit court entered its order of dismissal for failure to prosecute along with the judgment and findings of fact and conclusions of law.

[¶9.] Eischens appeal raising two issues:

1. Whether the circuit court abused its discretion by granting the Township's motion to dismiss for failure to prosecute.

---

3. SDCL 15-6-41(b) provides in pertinent part:

For failure of the plaintiff to prosecute or to comply with this chapter or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. . . . If the court renders judgment on the merits against the plaintiff, *the court shall make findings* as provided in § 15-6-52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this section . . . operates as an adjudication upon the merits.

(Emphasis added).

2. Whether the circuit court erred in granting partial summary judgment against Eischens based on sovereign immunity.

## STANDARD OF REVIEW

[¶10.] We review the circuit court's findings of fact under the clearly erroneous standard, while we apply the de novo standard when reviewing its conclusions of law. Vander Heide v. Boke Ranch, Inc., 2007 SD 69, ¶17, 736 NW2d 824, 831 (citing City of Deadwood v. Summit, Inc., 2000 SD 29, ¶9, 607 NW2d 22, 25 (citations omitted)). We review the circuit court's dismissal of a claim for failure to prosecute using the abuse of discretion standard. Jenco, Inc. v. United Fire Group, 2003 SD 79, ¶7, 666 NW2d 763, 765 (citation omitted); Swenson v. Sanborn County Farmers Union Oil Co., 1999 SD 61, ¶9, 594 NW2d 339, 342 (citing London v. Adams, 1998 SD 41, ¶12, 578 NW2d 145, 148; Devitt v. Hayes, 1996 SD 71, ¶7, 551 NW2d 298, 300 (citing Annett v. American Honda, 1996 SD 58, ¶12, 548 NW2d 798, 802; Opp v. Nieuwsma, 458 NW2d 352, 356 (SD 1990); Du-Al Mfg. Co., v. Sioux Falls Constr. Co., 444 NW2d 55, 56 (SD 1989); Schwartzle v. Austin Co., 429 NW2d 69, 71 (SD 1988); Holmoe v. Reuss, 403 NW2d 30, 31 (SD 1987); Duncan v. Pennington County Hous. Auth., 382 NW2d 425, 426 (SD 1986))). When the decision "is not justified by, and clearly against, reason and evidence," the standard is met and the trial court's dismissal must fail. Swenson, 1999 SD 61, ¶9, 594 NW2d at 342 (citing London, 1998 SD 41, ¶12, 578 NW2d at 148; Devitt, 1996 SD 71, ¶7, 551 NW2d at 300 (citing Dacy v. Gors, 471 NW2d 576, 580 (SD 1991); Herndon v. Herndon, 305 NW2d 917, 918 (SD 1981); Root v. Bingham, 26 SD 118, 120, 128 NW 132, 133 (1910)).

## ANALYSIS AND DECISION

[¶11.]    **1.    Whether the circuit court abused its discretion by granting the Township's motion to dismiss for failure to prosecute.**

[¶12.]    Pursuant to SDCL 15-6-41(b), on a defendant's motion, the circuit court may dismiss an action for failure to prosecute or comply with a court order. *Swenson*, 1999 SD 61, ¶21, 594 NW2d at 345; *see also supra* note 3. No requisite period of inactivity is mandated by the statute. SDCL 15-6-41(b). Dismissal is appropriate when the plaintiff's conduct is egregious. Rotenberger v. Burghduff, 2007 SD 7, ¶17 n6, 727 NW2d 291, 295 n6 (citing *Swenson*, 1999 SD 61, ¶21, 594 NW2d at 345 (citing *Devitt,* 1996 SD 71, ¶16, 551 NW2d at 301)). A dismissal granted under SDCL 15-6-41(b) operates as dismissal with prejudice as an adjudication on the merits unless the circuit court expressly states otherwise. *Id.* (citing Fox v. Perpetual Nat. Life Ins. Co., 273 NW2d 166, 168 (SD 1978)).

[¶13.]    We will not ordinarily interfere with the circuit court's ruling in granting or denying motions to dismiss for failure to prosecute. Dakota Cheese, Inc. v. Taylor, 525 NW2d 713, 715 (SD 1995) (citing *Duncan,* 382 NW2d at 427; Simkins v. Bechtol*,* 86 SD 187, 189, 192 NW2d 731, 732 (1971)). Being an extreme measure, dismissal for failure to prosecute should only be granted when there is an "unreasonable and unexplained delay."[4] *Id.* (citing *Opp,* 458 NW2d at 356;

---

4.    Unreasonable and unexplained delays have been defined as those constituting an omission to do something "which the party might do and might reasonably be expected to do towards vindication or enforcement of his rights." *Dakota Cheese, Inc*, 525 NW2d at 715-16 (quoting Chicago & Northwestern R. Co. v. Bradbury, 80 SD 610, 129 NW2d 540, 542 (1964) (quoting Potts v. Starr*,* 76 SD 91, 72 NW2d 924, 925 (1955)).

*Schwartzle,* 429 NW2d at 71; *Holmoe,* 403 NW2d at 31; *Duncan,* 382 NW2d at 427;

*Simkins,* 192 NW2d at 732; Chicago & Northwestern R. Co. v. Bradbury, 80 SD 610,

129 NW2d 540, 542 (1964)). "[T]he mere passage of time is not the proper test to

determine whether the delay in prosecution warrants dismissal." *Id*. at 716 (citing

*Opp,* 458 NW2d at 356; *Schwartzle,* 429 NW2d at 71; *Holmoe,* 403 NW2d at 31;

*Duncan,* 382 NW2d at 427; *Bradbury,* 129 NW2d at 542)). ***It is the plaintiff's***

***responsibility to move the cause of action forward.*** *Id*. (citing *Du-Al Mfg. Co.,*

444 NW2d at 56; *Schwartzle,* 429 NW2d at 71; *Duncan,* 382 NW2d at 427; *Simkins,*

192 NW2d at 732). ***"The defendant need only meet the plaintiff step by step."***

*Id*. (citing *Holmoe,* 403 NW2d at 31)(emphasis added). Dismissal for failure to

prosecute should be granted when, in light of all the circumstances, the plaintiff is

shown to lack due diligence by failing to proceed with "reasonable promptitude." *Id*.

(citing *Opp,* 458 NW2d at 356; *Holmoe,* 403 NW2d at 31-32; *Duncan,* 382 NW2d at

427; *Bradbury,* 129 NW2d at 542).

[¶14.] Eischens argue that dismissal under SDCL 15-6-41(b) was improper

because their delay in moving their claim forward was neither unreasonable nor

unexplained and as such was not egregious. Moreover, they claim that no court

orders were violated. Finally, Eischens aver that even if the delay was

unreasonable, unexplained and egregious, dismissal is not warranted because the

Township was not prejudiced by their failure to prosecute the cause of action.

[¶15.] Eischens offer several explanations for why their delay was

reasonable. They contend that the period of inactivity in this case was not long

enough to substantiate dismissal and that under SDCL 15-6-41(b) three years is

required. Eischens point to one 18-month period of inactivity between February 2004 and August 2005 with shorter periods of inactivity between November 2001, when they filed suit, and February 2004, none of which was longer than the eight months. To support their contention Eischens cite *Holmoe*, 403 NW2d at 30-31 (reversing circuit court's denial of defendant's motion to dismiss where period of inactivity lasted three years, eleven months); *Duncan*, 382 NW2d at 426 (affirming dismissal where period of inactivity lasted eight years); *Fox*, 273 NW2d at 167 (affirming dismissal where period of inactivity lasted three years, nine months); Watkins Products, Inc. v. Lytle, 90 SD 122, 238 NW2d 299, 300 (1976) (affirming dismissal where period of inactivity lasted three years, one month); *Potts*, 76 SD 91, 72 NW2d at 925 (affirming dismissal where period of inactivity lasted for four years).

[¶16.]     While these cases all resulted in dismissals for failure to prosecute where the periods of delay exceed three years, they offer little else, other than that singular fact, to support Eischens' contention that three years constitutes the figurative yardstick by which all motions to dismiss brought under SDCL 15-6-41(b) must be measured.[5] Nowhere in these opinions or in any other opinion have we ever held that three years of inactivity is required before a dismissal can be granted under this statute. To the contrary, we have consistently noted the absence of any

---

5.     In fact, *Potts* lends no support to Eischens' position since the dismissal in that case was based on SDC 33.1704(4), the predecessor statute to SDCL 15-6-41(b), which provided for no more than dismissal without prejudice. 76 SD 91, 72 NW2d at 926. Since *Potts* was decided prior to the adoption of SDCL 15-6-41(b), it has no relationship to dismissals entered pursuant to the new statute. *See Fox*, 273 NW2d at 168-69.

requisite period of inactivity in the provisions of SDCL 15-6-41(b) and that the passage of time alone is not the measure by which motions to dismiss, made under the statute, shall be determined. *See Dakota Cheese, Inc.*, 525 NW2d at 716 (citing *Opp,* 458 NW2d at 356; *Schwartzle,* 429 NW2d at 71; *Holmoe,* 403 NW2d at 31; *Duncan,* 382 NW2d at 427; *Bradbury,* 129 NW2d at 542)); *see also supra* ¶13.  In granting a motion to dismiss under SDCL 15-6-41(b), the circuit court must consider all the facts and circumstances. *See Dakota Cheese, Inc.*, 525 NW2d at 716 (citing *Opp,* 458 NW2d at 356; *Holmoe,* 403 NW2d at 31-32; *Duncan,* 382 NW2d at 427; *Bradbury,* 129 NW2d at 542); *See also supra* ¶13.

[¶17.]        Viewed in this light, *Fox* offers no support for Eischens since our opinion merely sets out the basis for the plaintiffs' claim without reciting any of the facts of the case other than to state that they "provide[d] no excuse for the unreasonable delay[.]"[6]  273 NW2d at 167.  Although not solely determinative, the issue of prejudice to the defendant through inactivity was considered in affirming the dismissal in *Duncan*, 382 NW2d at 427, which we will discuss *infra* ¶20, is supportive to the Township's position.  The facts in *Holmoe* are not dissimilar to those in the instant case.

[¶18.]        In *Holmoe*, the incident giving rise to the claim occurred on January 31, 1978.  403 NW2d at 30.  The plaintiffs served their summons and complaint on

---

6.    The salient issue in *Fox* was whether there manifests a duty in the defendant to move the litigation forward due to the fact that he had filed counterclaims. 273 NW2d at 168.  We held that notwithstanding a defendant's counterclaims, the burden of moving litigation forward still rests with the plaintiff. *Id.*

December 29, 1980. The defendants took depositions from a plaintiff and his doctor respectively in October and December of 1981. There was no more activity on the cause of action until January 1985, when the defendant filed his motion for dismissal for failure to prosecute.

[¶19.]     Comparing *Holmoe* to the instant case, we find that in both cases approximately three years passed between the incident giving rise to the claim and the date the suit was filed. In both cases it was the defendant who took the initiative in moving litigation forward. And, in both cases, nearly seven years after the incident giving rise to the claim, the defendant moved for dismissal for lack of prosecution. While the plaintiff in *Holmoe* was wholly inactive during the four-year period preceding the motion to dismiss, Eischens were effectively inactive for a period in excess of three and one-half years.

[¶20.]     After Eischens served the Township with the summons and complaint, in October 2001, there were only two other acts during the ensuing three years and nine months that were wholly initiated by the Eischens – filing the November 9, 2001 complaint and sending the February 3, 2004 demand letter – the latter of which commenced an 18-month period of total inactivity.[7] The record, including the voluminous affidavit submitted by defense counsel in support of the motion to dismiss, reveals that it was the Township that consistently attempted to move the litigation forward. Defense counsel sent numerous letters to plaintiffs' counsel, attempting to schedule depositions and hearings or arrange for stipulated

---

7.     Moreover, the record shows that there was an eight-month period of total inactivity between November 2002 and July 2003. *See supra* ¶5.

scheduling orders, which garnered no reply. Plaintiffs' counsel repeatedly caused the postponement of hearings or failed to deliver responsive pleadings in a timely manner as agreed. Reviewing the record in this case, it is not unreasonable to conclude that but for the initiative of defense counsel there would have been no activity in this case. *See Dakota Cheese, Inc.*, 525 NW2d at 716 (recognizing that it is the plaintiff's responsibility to move litigation forward) (citing *Du-Al Mfg. Co.,* 444 NW2d at 56; *Schwartzle,* 429 NW2d at 71; *Duncan,* 382 NW2d at 427; *Simkins,* 192 NW2d at 732; *Potts,* 76 SD 91, 72 NW2d at 925); *see also supra* ¶13; *see additionally Fox*, 273 NW2d at 168 (establishing the principle that in litigation, the a defendant need only meet the plaintiff "step-by-step") (quoting Wiggins v. Washington National Life Insurance Co.*,* 55 CalRptr 129, 133 (1966)).

[¶21.] The circuit court found that between February 2004 and August 2005, plaintiffs' counsel served no interrogatories or other discovery; scheduled no depositions despite repeated inquiries by the Township; conducted no settlement negotiations nor attempted to schedule the case for trial, and made no contact with defense counsel through any means, including telephone calls, faxes, e-mails or letters.[8]

---

8. Eischens dispute the notion that no activity occurred between February 2004 and August 2005 based on plaintiffs' attorney Johnson's sworn affidavit of August 29, 2005 in which he states that he and attorney Wassom met with a prospective expert witness on December 31, 2004. However, we have held that contact constituting activity for purposes of moving litigation forward requires that the contact be with the opposing party. *Devitt*, 1996 SD 71, ¶15, 551 NW2d at 301 (quoting *Holmoe*, 403 NW2d at 32 n2 (quoting FMC Corp v. Chatman, 368 So2d 1307, 1308 (FlaDistCtApp 1979))); *see also Dakota Cheese, Inc.*, 525 NW2d at 716-17 (concluding that plaintiffs' counsel's review of massive amounts of documentation in preparation for trial did not

(continued . . .)

[¶22.]    Eischens attempt to explain away their inactivity and lack of initiative in prosecuting their claim by the fact that their "lead" attorney, A. J. Wassom, became debilitated during 2005 by the effects of prostate cancer. While this provides no explanation for the delays and lack of initiative in 2004 and earlier, it might be worthy of some consideration in 2005, but for the revelation that A. J. Wassom was not an active member of the South Dakota Bar as early as July 2003.[9] Moreover, by December 31, 2004, his name had been completely removed from the membership role.

[¶23.]    Defense counsel indicated that prior to July 2003, he directed all correspondence to plaintiffs' attorney Richard L. Johnson while Wassom was copied. Thereafter, correspondence were sent to Johnson and only intermittently copied to Wassom. Consistent with Wassom's status, plaintiffs' attorney Johnson conceded at the August 30, 2005 motions hearing: "Most of the documents have been generated – I guess all the documents have generated through my office[.]"

[¶24.]    Accordingly, the circuit court found that Johnson was in fact and had been Eischens' lead attorney as early as July 2003. Essentially conceding responsibility for the inactivity in prosecuting the claim, Johnson also stated at the August 30, 2005 hearing: "I could say that, yes, I have had a lot of trials and hearings and various things but that really isn't an excuse either."

_____

(. . . continued)
        constitute diligence in the prosecution of a claim without contacting the
        opposing party).

9.      Wassom was not recorded as appearing for Eischens at the November 2003
        hearing on the Township's motion for summary judgment.

[¶25.] In attempting to establish a three-year requisite period of inactivity for dismissal under SDCL 15-6-41(b), Eischens attempt to distinguish *Storm v. Durr*, 2003 SD 6, 657 NW2d 34, *Jenco, Inc.*, 2003 SD 79, 666 NW2d 763 and *Schwartz v. Palachuk*, 1999 SD 100, 597 NW2d 442, where the defendants' motions for dismissal was granted with shorter periods of delay. Eischens argue that the dismissals in these cases were granted because the plaintiffs disregarded or otherwise failed to follow a court order. Consequently, they aver that these cases do not support the dismissal in the instant case since no court orders were violated. However, whether Eischens' interpretation of these cases is accurate is of no consequence since the record clearly reveals that they did in fact violate at least one court order. The stipulated scheduling order of July 21, 2002 required that discovery be completed by October 1, 2002. However, due to repeated postponements by Eischens, the Township was unable to obtain Paul Eischen's deposition until November 27, 2002.[10]

---

10. Eischens argue that these postponements evince the Township's acquiescence and hence do not constitute delay in the prosecution nor violation of any court order. However, it appears that defense counsel was making every effort to coordinate the completion of discovery at the earliest possible date with little cooperation from plaintiffs' counsel.

Eischens also contend that the Township's good faith effort to allow Eischens an opportunity to file a responsive brief contributed to the delay in the August 25, 2003 hearing on the motion for summary judgment being postponed to November 12, 2003. Eischens fail to point out that the Township agreed to reschedule the hearing from August 25, 2003 to September 15, anticipating that plaintiffs' counsel would provide a responsive brief within 20 days of the August 18, 2005 service of filing materials, in keeping with the circuit court's rules. Plaintiffs' counsel was unable to provide the responsive brief by the agreed upon September 8 deadline, let alone September 15. Therefore, so that Eischens might have an opportunity

(continued . . .)

[¶26.] Finally, Eischens argue that in any event the Township is not entitled to a dismissal for failure to prosecute under SDCL 15-6-41(b) because there was no prejudice to them by virtue of the delay in prosecution. However, a defendant need not demonstrate prejudice to obtain a dismissal under SDCL 15-6-41(b). *Jenco, Inc.*, 2003 SD 79, ¶22, 666 NW2d at 768. Still, *prejudice may be considered as a factor* in determining whether to grant the motion. Moore v. Michelin Tire Co., Inc., 1999 SD 152, ¶52, 603 NW2d 513, 526 (citing *Duncan*, 382 NW2d at 427).

[¶27.] The circuit court's decision to dismiss Eischens' claim was not based on prejudice to the Township. Rather, it concluded that the manner in which Eischens pursued their claim lacked due diligence and exhibited an egregious, unexplained and unreasonable failure to proceed with promptitude. Nevertheless, as the Township correctly points out, to the extent prejudice to the defendant is a factor, it favors the Township in this case. The Volunteer Fire Department disbanded in July 2004, during Eischens' 18-month period of inactivity between February 2004 and August 2005. As a volunteer organization, its membership would change under normal circumstances as time passed. Thus, many who were present as firefighters on November 10, 1998 likely scattered. Were the Township required to continue to defend the litigation, the fact that the membership role was likely fluid, notwithstanding the fact that the Volunteer Fire Department ceased to exist, would

---

(. . . continued)

to file a brief, the hearing was again rescheduled to September 29, 2003. After plaintiffs' counsel was unable to file a responsive brief in advance of that date, the circuit court entered an order continuing the hearing on the motion for summary judgment until November 12, 2003.

presumably impair the Township's ability to secure evidence of the firefighters' conduct at Eischens' fire on November 10, 1998.

[¶28.]    On remand the circuit court entered extensive findings of fact consistent with the record, including defense counsel's affidavit with documentary exhibits supporting the Township's motion to dismiss.  The circuit court thereafter concluded that Eischens had the burden to advance the litigation; that they failed to do so with due diligence and reasonable promptitude; that Eischens were responsible for the delays; that the Township was in no way responsible, and that the delays were unreasonable, unexplained and egregious.  Based on our review of the record we find no basis upon which to overturn the circuit court's order granting the Township's motion to dismiss.  Since the January 8, 2007 judgment entered on the dismissal constitutes a final adjudication on the merits, we need not consider the second issue raised by Eischens.

[¶29.]    Affirmed.

[¶30.]    ZINTER, Justice, concurs.

[¶31.]    SABERS, Justice concurs specially.

[¶32.]    KONENKAMP and MEIERHENRY, Justices, dissent.


SABERS, Justice (concurring specially).

[¶33.]    I generally agree with the spirit of the dissent, but I am satisfied there are facts in this case that demonstrate the trial court did not abuse its discretion when granting the 15-6-41(b) motion.

[¶34.]    Between November 10, 1998, the date of the fire, and November 11, 2002, defense counsel requested "the identity of persons that plaintiffs' counsel

wanted to depose" on at least ten different occasions. Every request was ignored or unanswered. From November 11, 2002, it appears that defense counsel "gave up" attempting to obtain the identities, and with good reason. Plaintiffs' counsel was resisting forward motion of this lawsuit in almost every category. This substantially adds to the "likely prejudice" that would result from the July 2004 disbanding of the Volunteer Fire Department and the difficulty that would be incurred if these firefighters were needed for a trial many years after the fire.

[¶35.] Even more important is the fact that the record establishes years of unreasonable, *unexplained* delay and inactivity. *See* Holmoe v. Reuss, 403 NW2d 30, 31 (SD 1987); *see also* Jenco, Inc. v. United Fire Group, 2003 SD 79, ¶13, 666 NW2d 763, 766.

[¶36.] "We have held that an abuse of discretion refers to a discretion exercised to an end or purpose not justified by, and *clearly against, reason and evidence*." Pearson v. O'Neal-Letcher, 2007 SD 92, ¶10, 738 NW2d 914, 917 (emphasis added) (additional citation omitted). In view of all of these matters, it is extremely difficult to conclude that the trial court abused its discretion, in dismissing with prejudice under SDCL 15-6-41(b).


KONENKAMP, Justice (dissenting).

[¶37.] In 1998, the plaintiffs' home was totally destroyed in a tragic fire. If the allegations in their complaint are true, the loss was at least partially the fault of the defendant Wayne Township Volunteer Fire Department. On the motion of the defendant, however, the case was dismissed for undue delay. In this appeal, the

Court upholds the dismissal, even though there was no allegation or finding that the delay caused any prejudice to the defendant, or that some other less extreme sanction had been tried or was not available.

[¶38.] The rule we address here is a dismissal under SDCL 15-6-41(b) (Rule 41(b)). This is not a dismissal under SDCL 15-11-11. In the many years since these rules were adopted, we have never distinguished which rule applies in different circumstances. Today's opinion relies on cases applying one or the other rule or both rules, leaving no clear guide on how and when each should be used.

[¶39.] To be clear, § 15-11-11 is a court-made rule designed to allow judges to free their dockets of cases that have remained dormant for a year or more because of inaction by the parties seeking relief.[11] It requires no motion by the opposing side. A court may initiate action to dismiss on its own. When a case is dismissed under this rule, it is done without prejudice, meaning that the case is not dismissed on its merits. Rotenberger v. Burghduff, 2007 SD 7, ¶14, 727 NW2d 291, 295. On the other hand, § 15-6-41(b) (Rule 41(b)), also a court-made rule, serves as a tool for sanctioning a party for delay or disobedience in the processing of a case.[12] *See*

---

11. SDCL 15-11-11 provides in part:

 The court may dismiss any civil case for want of prosecution upon written notice to counsel of record where the record reflects that there has been no activity for one year, unless good cause is shown to the contrary. . . .

12. SDCL 15-6-41(b) provides in part:

 For failure of the plaintiff to prosecute or to comply with this chapter or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this section . . . operates as an adjudication upon the merits.

*Rotenberger*, 2007 SD 7, ¶17, 727 NW2d at 295. It requires a motion by the opposing side, and the dismissal may be with or without prejudice. SDCL 15-6-41(b) (Rule 41(b)).

[¶40.] To distinguish the standards applicable to dismissals under § 15-6-41(b), applied in this case, we should avoid relying on cases supporting dismissals under § 15-11-11.[13] We must also avoid relying on cases where we have made the same mistake as today in failing to differentiate the two types of dismissals.[14] Because the purposes behind these rules are different, their uses should not be blurred. There may be some overlap in these two rules, of course, but the crucial distinction between § 15-11-11, as a court management tool, and § 15-6-41(b), as a penalty for delay or disobedience, should be preserved.

[¶41.] In our most recent decision dealing only with § 15-6-41(b), we indicated that prejudice to the opposing side is an element to consider in deciding whether to grant a dismissal. *See* Duncan v. Pennington County Hous. Auth., 382 NW2d 425,

---

13. The Court's opinion cites *Annett v. Am. Honda Motor Co. Inc.*, 1996 SD 58, ¶11, 548 NW2d 798, 802 (dismissal under SDCL 15-11-11); *Dakota Cheese, Inc. v. Taylor,* 525 NW2d 713, 715-16 (SD 1995) (decided only under SDCL 15-11-11, although both rules cited); and *Opp v. Nieuwsma,* 458 NW2d 352, 356 (SD 1990) (no rule cited, but presumably SDCL 15-11-11).

14. In the following cases cited in the Court's opinion, both § 15-11-11 and § 15-6-41(b) were treated together, apparently without distinction. Jenco, Inc. v. United Fire Group, 2003 SD 79, ¶9, 666 NW2d 763, 765-66 (both); Swenson v. Sanborn County Farmers Union Oil Co., 1999 SD 61, ¶12, 594 NW2d 339, 343 (opinion assumed both); London v. Adams, 1998 SD 41, ¶13, 578 NW2d 145, 148-49 (both); Devitt v. Hayes, 1996 SD 71, ¶12, 551 NW2d 298, 300-01 (both); Du-Al Mfg. Co., v. Sioux Falls Constr. Co., 444 NW2d 55, 56 (SD 1989) (both); Schwartzle v. Austin Co., 429 NW2d 69, 71 (SD 1988) (both); Holmoe v. Reuss, 403 NW2d 30, 31 (SD 1987) (both).

427 (SD 1986). *See also Jenco*, 2003 SD 79, ¶28, 666 NW2d at 769 (Meierhenry, J., dissenting) (prejudice must be considered). Our § 15-6-41(b) was taken directly from the Federal Rules of Civil Procedure, Rule 41(b).[15] Federal courts applying this rule use a set of criteria to determine whether dismissal on the merits is warranted. We would do well to implement these factors so as to clearly distinguish between § 15-11-11 and § 15-6-41(b) and ensure that meritorious cases are not unfairly or unnecessarily thrown out of court.

[¶42.] Considering the public policy favoring resolution of cases on their merits, and that dismissal with prejudice is a harsh remedy to be used only in extreme circumstances, we should consider, in addition to the question of unreasonable and unexplained delay in prosecution, (1) whether the plaintiff had received notice that further delays would result in dismissal; (2) whether the judge adequately assessed the efficacy of lesser sanctions before dismissal was ordered; (3) whether the conduct of the party or the attorney was willful or in bad faith; (4) the degree of actual prejudice to the opposing side or the substantial likelihood of future prejudice in the event of further delay; and (5) the merits of the plaintiff's claim for relief. *See* Shannon v. Gen. Elec. Co., 186 F3d 186, 193-94 (2dCir 1999); Knoll v. Am.Tel. & Tel.Co., 176 F3d 359, 363 (6thCir 1999); Ehrenhaus v. Reynolds,

---

15.     Rule 41(b) of the Federal Rules provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-operates as an adjudication on the merits.

965 F2d 916, 921 (10thCir 1992); Poulis v. State Farm Fire & Cas. Co., 747 F2d 863, 868 (3dCir 1984); Harding v. Fed. Reserve Bank of New York, 707 F2d 46, 50 (2dCir 1983).

[¶43.]     Under these standards, this case should not have been dismissed. First, the plaintiffs never received any prior warnings that further delay would cause dismissal of their complaint. Second, the circuit court never considered in its findings whether any other, less drastic, sanctions were available. Third, although the plaintiffs' attorneys were dilatory, there was no evidence of bad faith. Certainly, the original lead counsel's cancer and subsequent demittal from the bar can be considered a mitigating factor. Fourth, the defendant demonstrated no prejudice attributable to delay, such as an indication that evidence was lost or that discovery would be more difficult. Indeed, the circuit court made no finding that the defendant was prejudiced. All we have is speculation by this Court that witnesses may not be found. Fifth, although the delay in this case is considerable, the plaintiffs present a compelling claim against the defendant in the catastrophic loss of their home. In fact, the circuit court earlier denied the defendant's motion for summary judgment on two claims.

[¶44.]     Under the proper interpretation of SDCL 15-6-41(b), we should rule that the circuit court abused its discretion in dismissing this case.

[¶45.]     MEIERHENRY, Justice, joins this dissent.